CHARLES F. NORTHRUP v. W. W. HAYWARD.[1]

November 8, 1907.

Nos. 15,341—(51).

**Attorney's Lien.**

Subdivision 3, § 2288, R. L. 1905, giving an attorney a lien upon his client's cause of action from the time of the service of the summons in an action brought thereon, does not apply to actions brought prior to the time the statute went into effect.

**Same—Lien upon Judgment.**

Subdivision 5 of the above section gives an attorney a lien upon a judgment procured as a result of his services to the extent of his agreed compensation from the time notice thereof is given the judgment debtor.

**Notice to Judgment Debtor.**

No special form of notice is required, nor that it be given or served in any particular way. Actual notice to the judgment debtor of the claim of the attorney, whether verbal or in writing, answers every purpose of the statute, and is sufficient to protect the rights of the attorney.

**Payment of Judgment after Notice.**

The payment by the judgment debtor to the judgment creditor of a judgment upon which the attorney has such a lien, with actual notice of the attorney's claim, is void as to the attorney to the extent of his lien,

[1] Reported in 113 N. W. 701.

and the satisfaction of the judgment may be set aside and the judgment reinstated, to enable the attorney to proceed by execution to satisfy his claim.

In an action brought in the district court for Hennepin county, plaintiff had a verdict, and defendant appealed to this court from an order denying a new trial. The cause having been remanded, judgment was entered for $2,151. A settlement of the case was made between plaintiff and defendant without the knowledge of his attorney, Frank D. Larrabee, to whom plaintiff had agreed to pay one third of the amount of the verdict. The attorney then applied to the court for an execution to the amount due him for services. The application was heard before Holt, J., who ordered judgment in favor of the applicant. From this order, plaintiff appealed. Affirmed.

*A. D. Smith,* for appellant.

*Morley & McElmeel,* for respondent.

BROWN, J.

Plaintiff in this action was injured while in the employ, and by reason of the alleged negligence, of defendant, and brought this action to recover damages therefor. He had a verdict in the court below, and defendant appealed to this court, from an order denying a new trial, where it was affirmed. 99 Minn. 299, 109 N. W. 241. After the cause was remanded, judgment was entered for the amount of the verdict, less a reduction of $500 ordered by the trial court, with interest and costs, amounting in all to $2,151. An execution was issued and delivered to the sheriff for collection, who by virtue thereof levied upon certain real property of defendant for the purpose of satisfying the same. Defendant then sought out the plaintiff, and made a settlement of the judgment with him without the knowledge of his attorney, paying in full discharge thereof the sum of $1,445, and plaintiff executed and delivered to him a written satisfaction, which was filed with the clerk. Whereupon Frank D. Larrabee, plaintiff's counsel throughout the litigation, applied to the court to have the satisfaction set aside and the judgment reinstated to the extent of the amount due him for his services, and that he have ex-

ecution therefor. The ground of his application is that he had a valid lien upon the judgment for his compensation earned in conducting the litigation, and that the settlement thereof by defendant with plaintiff, without his knowledge or consent, was made with full notice of his claim and for the purpose of defrauding him. After hearing the parties, the court below granted the relief demanded, and defendant appealed.

It appears that at the time of the commencement of the action plaintiff and his attorney entered into an agreement by the terms of which the attorney was to have as compensation for his services one-third of whatever amount was recovered in the action. It further appears that at the time of the settlement between plaintiff and defendant the latter had full notice of the claim of Larrabee, and the court expressly found that the settlement was made to defraud him of his fee. Our examination of the record discloses evidence amply sustaining this finding.

It is contended on behalf of respondent, the attorney, that under subdivisions 3 and 5 of section 2288, R. L. 1905, a valid lien upon the judgment existed in his favor, which he may enforce against defendant, the judgment debtor, notwithstanding the settlement. While it is urged by appellant (1) that no lien existed under the third subdivision of the statute, for the reason that the action was commenced prior to its enactment and it has no retroactive operation, and (2) that no lien existed under the fifth subdivision for the reason that no notice thereof was given defendant, as required by its provisions, and defendant had the right, the statute not having been complied with, as he contends, to settle the judgment with plaintiff without consultation with the attorney, even though he had actual notice of the latter's claim.

1. Section 2288, the statute under consideration, provides:

An attorney has a lien for his compensation, whether the agreement therefor be express or implied:  *  *  *

3. Upon the cause of action from the time of the service of the summons therein.  *  *  *

5. Upon a judgment, to the extent of the costs included therein; and, if there be a special agreement as to compensa-

tion, the lien shall extend to the amount thereof from the time of giving notice of his claim to the judgment debtor. * * *

Attorney's liens are divided into two classes, "possessory" and "charging." The first exists at common law, and extends to all property in the possession of the attorney with respect to which he renders services to the owner. The lien is divested, as in other cases of similar liens, upon the surrender of possession of the property to the owner. The other class, the "charging" lien, is a statutory creation, and was unknown to the common law. It was created by subdivisions 3 and 5, above set out, and extends to all money or property of the client, including judgments, with reference to which the attorney's services were rendered, and is perfected when notice thereof is given the debtor. Prior to the adoption of the revised laws of 1905, this lien did not extend to the cause of action, but only to judgments recovered or money paid, or agreed to be paid, as a result of the attorney's services. Boogren v. St. Paul City Ry. Co., 97 Minn. 51, 106 N. W. 104, 3 L. R. A. (N. S.) 379, 114 Am. St. 691. The provisions of subdivision 3, giving an attorney a lien upon the cause of action of his client from the time of the service of summons, first became the law of this state by the adoption of the revised laws of 1905; but, unlike subdivision 5, no notice of the attorney's claim is required to be given the opposite party. It is contended by respondent that it applies to the case at bar, and that by virtue thereof he acquired a lien upon the cause of action upon which this judgment was rendered, immediately upon its enactment by the legislature, which followed and became attached to the judgment upon the entry thereof by the court. We do not sustain this claim. The action was commenced prior to the date when the new statutes went into effect and the statute does not apply. It is a rule of general application that, in the absence of some legislative expression to the contrary, statutes will be construed prospectively only, and will not be given a retroactive operation or effect. It does not appear from the language of this statute that the legislature intended to depart from the usual rule, or that the statute should be construed to apply to actions brought prior to its adoption, and we hold that it gave no lien upon the causes of action in pending litigation.

2. But we are clear that, under the facts disclosed by the record and found by the trial court, respondent had a valid lien under the fifth subdivision, and the learned trial court was entirely right in the order appealed from. That statute provides that an attorney shall have a lien upon a judgment recovered by him to the extent of his agreed compensation from the time notice thereof is given to the judgment debtor. The statute creates the lien, and makes its validity, as against the judgment debtor, conditional upon notice to him of its existence. No special form of notice is required, or that it be given or served in any particular manner. The object of the notice is to protect the judgment debtor, and any notice which will serve that purpose must be held sufficient.

A similar statute is in force in many of the states, and it is generally held that where the judgment debtor has actual notice of the lien or claim of the attorney, and in some states where he has notice of facts sufficient to put a prudent person upon inquiry, it is sufficient to protect the rights of the attorney. Thus, in Colorado, under a similar statute, the court held that, where no particular form of notice was required, the common-law rule of notice prevailed. Johnson v. Mc-Millan, 13 Colo. 423, 22 Pac. 769. Actual notice was held sufficient in Porter v. Hanson, 36 Ark. 591, under a statute the provisions of which required the notice to be filed with the clerk and an entry thereof made upon the judgment book. The court said that the object of the statute was to protect those who "in good faith and without actual notice pay the judgment." Similarly, in Cones v. Brooks, 60 Neb. 698, 84 N. W. 85, it was held that actual notice of the attorney's lien dispensed with the requirement that written notice be filed with the clerk. The trend of view in other states is in the same direction. Young v. Dearborn, 27 N. H. 324; Braden v. Ward, 42 N. J. L. 518; Lake v. Ingham, 3 Vt. 158.

The rule followed in those cases is in accordance with the general principles of the law of notice. It fully protects the judgment debtor, and we adopt it as the proper construction to apply to our statute. Notice in fact of the debtor's claim is all that the legislature intended to require for perfecting the lien, and actual notice, whether written or verbal, answers every purpose of the statute. The statute is wholly unlike the mechanic's lien statute, and the reasons for requiring the

filing of a written statement of such liens do not apply. Mechanics' liens have to do with the title to real property, and it is essential and important, not only to protect the debtor, but all persons dealing with the property, that notice of the lien be filed for record in the office where titles to real property are disclosed.

In the case at bar, the evidence clearly shows, and the trial court so found, that defendant had notice of the attorney's claim of lien prior to the time he settled the judgment with plaintiff, and that the settlement was made for the purpose of defrauding the attorney. As before remarked, the evidence fully sustains this finding. It is significant that defendant paid plaintiff only two-thirds of the amount of the judgment, the balance representing the attorney's claim. Were there any doubt of the fact that defendant had notice of the attorney's claim, this fact would relieve the case of any embarrassment, for defendant cannot well claim that he has been misled to his prejudice.

Order affirmed.