MEMPHIS STEEL CONSTRUCTION COMPANY *v.* WALKER.*

(*Jackson.*  April Term, 1916.)

**ATTORNEY AND CLIENT.  Lien.  Issuance of summons.**

Acts 1899, chapter 243, provides by sections 1 and 2 that attorneys of record be begin a suit in a court of record shall have a lien upon plaintiff's right of action from the filing of the suit, and that any attorney who is employed to prosecute a suit already brought shall have a lien on plaintiff's right of action from the date of his employment, provided, the record will first be made to show such employment by notice on the rule docket of such court or written memorandum filed with the papers in the case or notice served on defendant.  Shannon's Code, sections 4445, 4518, declare that all civil actions in courts of record are commenced by summons.  Defendant compromised an action by plaintiff before summons was served.  *Held,* that until service of summons or some other notice of institution of the suit, plaintiff's counsel had no lien which he could assert against defendant.

Acts cited and construed:  Acts 1899, ch. 243.

Cases cited and approved:  Railroad v. Wells, 104 Tenn., 706; Northup v. Haywood, 102 Minn., 307;  Florida, etc., R. Co., 104 Ga., 353.

Code cited and construed:  Secs. 4445, 4518 (S.).

---

FROM SHELBY

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—H. W. LAUGHLIN, Judge.

---

*The question of constitutionality of statute providing for attorney's liens, is discussed in a note in 40 L. R. A. (N. S.), 529.

JOSEPH HANOVER, for plaintiff.

JOHN W. SPENCE, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

The appeal involves the right of an attorney to en-
force against the defendant a lien on the cause of action
of his client, plaintiff in the suit.

The attorney brought suit in a court of record in
behalf of Walker to recover damages of the construc-
tion company for personal injuries incurred in its ser-
vice. After the summons was sued out, but before its
service on the defendant company, the latter effected
a settlement with Walker, taking from him a receipt
and release. At the time of the settlement the defend-
ant company had no actual notice or knowledge that
the summons had been issued.

The contention of the attorney is based upon Acts
1899, chapter 243, which provides:

"Section 1. That attorneys of record who begin a
suit in a court of record in this State shall have a lien
upon the plaintiff's right of action from the date of the
filing of the suit.

"Sec. 2. That any attorney who is employed to
prosecute a suit that has already been brought in any
court of record in this State shall have a lien on the
plaintiff's right of action from the date of his employ-
ment in the case; provided, the record of the case
will first be made to show such employment by notice

upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case."

The claim of the attorney is that the issuance of the summons should, before its service, be treated as the "filing of the suit," so that any compromise thereafter made should be held to be subject to his lien on the cause of action. The circuit judge sustained this position, but his ruling was reversed by the court of civil appeals.

The act looks to the protection of two classes of attorneys: (a) Those of record who begin the particular suit; and (b) those who may be employed to prosecute a suit that has already been commenced.

In *Railroad* v. *Wells,* 104 Tenn., 706, 59 S. W., 1041, an action at law, it was said that the attorney, under the first section of the act, had a lien on the plaintiff's cause of action "from the commencement of the suit," though the present or any similar question was in no way involved.

By the provisions of the Code, sections 2813, 2754 (Shannon, sections 4518, 4445), all civil actions at law, in courts of record, are commenced by summons; but it is to be noted that the attorney's lien is not provided by the act in express terms to date from such commencement of the suit. Had that been the legislative intent, it could have been expressed by the use of that familiar, well-understood and exact phrase.

It is urged by the defendant company that it would work injustice were the statute to be construed to

bind it to respond for plaintiff's attorney fee by reason of the compromise made before it had any kind of notice of the taking out of the summons.

As seen, the second section of the act has in contemplation notice to the defendant, either actual or constructive. The difficulty, in actions at law, lies in the words of the first section "shall have a lien . . . from the date of the filing of the suit." We think that the juster construction is that it was in the contemplation of the legislature that in such case there should be some sort of notice, actual or constructive, to the defendant in the action, and that there should be some record (the lien being only grantable to an attorney of record) or a file to which access might be had by a defendant for notice, so far as it may be constructive notice. When a summons issues from a court of law it goes into the hands of a sheriff or some one of his numerous deputies and does not come back for lodgment as a record in the office of the circuit court clerk until it shall have been served on the defendant or shall have failed of service—the fact to be indorsed by way of an official return. While this process so outstands, before actual service, it seems but simple justice to hold that a defendant may make settlement, where, as here, it had no knowledge of the fact that the process had been sued out, and that on doing so it is not answerable to the attorney of plaintiff for his fee for his services. *Northup* v. *Haywood,* 102 Minn., 307, 113 N. W., 701, 12 Ann. Cas., 341; *Florida, etc., R. Co.,* 104 Ga., 353, 30 S. E., 745.

Steel Const. Co. v. Walker.

The alternative construction would leave open an avenue for the perpetration of frauds on defendants. Settlements made by them on the assumption that no suit had been brought manifestly would be on monetary bases different from those made with knowledge that the rights of an attorney must be reckoned with. Under the rule contended for by the attorney in the pending case, a defendant might be onerated with a double burden without fault on his or its part.

Writ of *certiorari* denied.