## JOHN BALLUFF v. ALOES BALLUFF.[1]

December 3, 1926.

No. 25,609.

**Reinstatement of attorney's lien sustained.**

The record sustains the judgment of the court reinstating a satisfied judgment to the extent of the lien of the attorney of the plaintiff thereon on which lien the defendant had notice.

Attorney and Client, 6 C. J. p. 772 n. 39; p. 774 n. 51; p. 798 n. 37.

---

See 2 R. C. L. 1075; 5 R. C. L. Supp. 124.

[1]Reported in 211 N. W. 462.

Defendant appealed from a judgment of the district court for Big Stone county, Flaherty, J., reinstating a judgment so as to enforce the lien of W. B. Mitton, attorney for the plaintiff, for his services. Affirmed.

*Ray G. Farrington* and *Charles H. Bolsta,* for appellant.

*W. B. Mitton,* pro se.

DIBELL, J.

The defendant appeals from a judgment of the district court of Big Stone county reinstating a judgment and permitting its enforcement to the extent of the lien of the plaintiff's attorney for services.

The plaintiff recovered judgment against the defendant on November 2, 1925, for $1,480.50. His attorney was W. B. Mitton. His agreement with Mitton was that he was to have one-fourth of the recovery for his services. Later the plaintiff and the defendant settled for $1,350 and the judgment was satisfied. Mitton had expended $6.50 for costs. The trial court allowed him this sum plus one-fourth of $1,350, a total of $344, and ordered that the judgment be reinstated to the extent of that amount and that plaintiff be permitted to enforce it.

A lien is given to an attorney for his compensation "upon the cause of action from the time of the service of the summons therein," and upon a judgment "from the time of giving notice of his claim to the judgment debtor." G. S. 1923, § 5695 (1, 5). The lien upon the cause of action is not dependent, under the present statute, upon notice. The defendant is charged with notice. Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496, and cases cited. There is evidence that the defendant had notice that the attorney for the plaintiff claimed a lien. No form of notice is required and actual notice is sufficient. Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701, 12 Ann. Cas. 341. Whether the lien on the cause of action extends to the judgment, as against the judgment debtor, though he is without notice, need not be decided. The cases of Barnes v. Verry, 154 Minn. 252, 191 N. W. 589, 31 A. L. R. 707, and Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496, review the cases and are our latest ones on the question of attorneys' liens.

Judgment affirmed.