## M. J. MUNGOVAN v. JESSE CLAY.

Middle Section.   November 3, 1928.

Roberts & Roberts, of Nashville, for plaintiffs in error.
George E. Kannard, of Nashville, for defendant in error.

DeWITT, J.   This appeal in error involves the right of counsel for the original plaintiff to a lien upon the recovery and judgment against the defendant for the amount of a fee agreed upon between him and his client for his services in this cause.

The action was instituted on December 31, 1927 by Jessie Clay, through George E. Kannard, her attorney, for damages for injuries inflicted upon her by defendant while driving his automobile. The summons was immediately placed in the hands of an officer, but was not served upon the defendant until January 27, 1928. Declaration was filed on February 1, 1928. Pleas of the general issue and of accord and satisfaction were interposed.

On January 3, 1928 without the knowledge of the defendant that the suit had been instituted, an attorney for a Liability Insurance Company, who also had no knowledge of the suit, compromised and settled with the plaintiff her claim for damages, paying her $350, and obtaining from her a full release in writing of all further claim against the defendant arising from the accident and injuries. After the cause became at issue Mr. Kannard presented a motion that a lien be declared on the cause of action in his favor as attorney for the plaintiff, to fix his fee and to have judgment therefor. The motion was sustained by the trial judge. Under these facts alone the controversy would have to be determined against the attorney as the case would fall entirely within the category of the case of Steel Construction Company v. Walker, 135 Tenn., 55, 185 S. W., 715. It was there held, upon an exactly similar state of facts, that until service of summons or some other notice of the institution of the suit, counsel for plaintiff could have no lien which he could assert against the defendant. But it further appears from this record that prior to the institution of this suit Mr. Kannard notified the defendant by telephone that he was under employment by the plaintiff to represent her in the suit which he purposed to bring in the circuit court of Davidson county against him; that Mr. Kannard, upon the institution of the suit, caused the clerk of the court to issue the summons; that the suit was entered by the clerk on the rule docket of the court, giving the number, showing the style of the cause, the nature of the action, the amount sued for, and the fact that Mr. Kannard was the attorney for the plaintiff. All this was done prior to January 3, 1928. Two of the days intervening

were, it is true, a Sunday and a holiday, but the day on which the settlement was made was neither Sunday nor holiday. The Insurance Company must be treated in such a situation as if it were the defendant. It was not a volunteer but was standing between the defendant and liability. The defendant, having been notified that a suit was about to be brought and that Mr. Kannard was the attorney for the claimant and prospective plaintiff, was affected with knowledge of such facts and circumstances as made it his duty, before any settlement by compromise should be made, to inquire whether or not the contemplated suit had been instituted. In Steel Construction Co. v. Walker, supra, it is said in the opinion that in enacting chapter 243 of the acts of 1899, giving a lien in such cases, it was in the contemplation of the Legislature that in such case there should be some sort of notice, actual or constructive to the defendant in the action, and that there should be some record (the lien being only grantable to an attorney of record) or a file to which access might be had by defendant for notice, so far as it may be constructive notice. Constructive notice is such notice as would have been acquired by a person pursuing the inquiry which it was his duty under the circumstances to make. The defendant to this action had knowledge of circumstances sufficient to make it his duty to inquire and to render any inaction on his part unconscientious and his failure to pursue the path of duty imposed upon him is no defense or excuse. Under these circumstances, the presumption of notice is conclusive. See War Finance Corporation v. Ready, 2 Tenn. Apps., 61, quoting a very clear statement of these rules from volume 21 American and English Encyclopedia of Law (2 Ed.), pages 584, 590.

The amount of the fee charged is not in dispute. There is no error in the judgment of the circuit court and it is affirmed. Judgment will be entered in this court in favor of the defendant in error against the plaintiff in error for the amount awarded by the circuit court, with interest from the date of said judgment. The costs of the appeal will be adjudged against the plaintiff in error and the surety on his appeal bond.

Faw, P. J., and Crownover, J., concur.