## PETER DESAMAN v. BUTLER BROTHERS.[1]

May 19, 1911.

Nos. 17,033—(129).

**Lien of attorney.**

> Under R. L. 1905, § 2288, subd. 3, an attorney has a lien upon the cause of action of his client from the time of the service of the summons. This lien continues to exist until it is satisfied or released. No notice to the opposite party or his attorney is necessary to the creation of the lien.

**Settlement without consent of attorney.**

> The settlement of a cause of action upon which an attorney has a lien, made without his consent, is void as to the attorney to the extent of his lien, and the settlement may be set aside and the action reinstated, to enable the attorney to satisfy such lien.

Action in the district court for St. Louis county to recover damages for personal injuries. At the trial the jury returned a verdict in favor of plaintiff for $3,000. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. After defendant had appealed, plaintiff in person and defendant's attorneys settled the case and stipulated for a dismissal of the appeal without costs to either party, and the appeal was dismissed. Thereafter upon the application of J. De La Motte, Esq., the court ordered the parties to show cause why his application to have the compensation of plaintiff's attorney fixed, and for an order annulling the stipulation and directing the parties to pay him such sum as the court should determine, should not be granted. The application was denied, Dibell, J. From the order denying the motion, J. De La Motte, Esq., appealed. Reversed.

[1]Reported in 131 N. W. 463.

[Note] Power of court to protect attorney who has taken case on contingent fee, against voluntary dismissal by client without his consent, see note in 14 L.R.A.(N.S.) 1095.

*J. De La Motte* and *John A. Keyes,* for appellant.
*Theodore Hollister* and *James A. Hanks,* for respondent.

BUNN, J.

This action was begun November 5, 1907, to recover damages for personal injuries. Plaintiff's attorney prosecuted the case under a contract with plaintiff by the terms of which he was to receive for his services an amount equal to one-half of the amount recovered. The trial in February, 1908, resulted in a verdict for plaintiff in the sum of $3,000. After numerous stays, defendant's motion for judgment or a new trial was made, and denied March 24, 1909. Defendant, on the same day, gave notice of appeal to this court. The return on the appeal was made May 18, 1909. On the day before defendant's attorneys and the plaintiff in person, without the knowledge or consent of plaintiff's attorney, settled the cause of action for $700. The money was paid, and plaintiff executed a release, and with defendant's attorneys signed a stipulation that the appeal might be dismissed. This stipulation was presented to this court July 9, 1909, and an order entered dismissing the appeal.

Upon affidavits showing the above facts, and alleging that plaintiff was insolvent and out of the jurisdiction, and that defendant had due notice of the terms under which plaintiff's attorney was employed, and effected the settlement to defraud him, Mr. De La Motte, plaintiff's attorney, gave notice of motion for an order determining the amount of compensation due him, setting aside the settlement, directing the entry of judgment in the action and the payment to plaintiff's attorney of the amount found due him for fees and expenses. Defendant's attorneys and its officers filed affidavits in which they denied that they had any notice of Mr. De La Motte's claim of lien. The court denied the motion, and plaintiff's attorney appealed from the order.

This looks like a case where an attorney has been deliberately beaten out of his fees by a collusive settlement in fraud of his rights. It is hardly conceivable that defendant's attorneys did not know that plaintiff's attorney had an unpaid claim for services, and the

result of the settlement would be to deprive him of all compensation in the case. But it is not necessary, in order to grant appellant relief, to hold that there was fraud, or that defendant or its attorneys had actual notice of his claim.

We hold that, under subdivision 3, § 2288, R. L. 1905, an attorney has a lien upon the cause of action of his client from the time of the service of the summons. This lien exists until it is satisfied or released, and does not vanish when the verdict is rendered. The statute does not require that notice of this lien be given to the opposite party or to his attorneys. It follows that the trial court should have granted relief. Boogren v. St. Paul City Ry. Co., 97 Minn. 51, 106 N. W. 104, 3 L.R.A.(N.S.) 379, 114 Am. St. 691; Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701; Farmer v. Stillwater Water Co., 108 Minn. 41, 121 N. W. 418.

Order reversed.