## TOM DAVIS and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

(HAYNES CASE.)

February 5, 1915.

Nos. 19,034—(239).

**Enforcement of attorney's lien.**

1. By section 4955, G. S. 1913, an attorney is given a lien for his compensation upon the cause of action from the time of the service of the summons in the action. Where the action is settled by the parties before trial

1 Reported in 151 N. W. 128.

without notice to or consent of the attorney, the attorney may elect to proceed for the enforcement of his lien rights by an independent action against the defendant, or by intervention proceedings in the original action.

**Settlement by parties conclusive as to amount of recovery.**

2. Such a settlement when made in good faith and without purpose to defraud the attorney is final and conclusive of the amount of recovery in the action, and is the basis from which the attorney's compensation, fixed by a percentage agreement with the plaintiff, must be determined.

**Pendency of former action unknown to attorney.**

3. The pendency of a former action for the same cause, brought by other attorneys, and which was not pleaded in defense to the second action, and of which the attorneys in the second action had no notice, *held* not a bar to the lien rights of the attorneys in the second action.

**Attorney's lien not limited to taxable costs and disbursements.**

4. The lien given by the statute covers legitimate expenditures by the attorneys in the prosecution of the action, when included within the contract of employment, and it is not limited to such items of costs or disbursements as might be taxed as such against the defendant.

Action in the district court for Lyon county to enforce an attorney's lien for $2,120. The substance of the answer is given in the opinion. The case was tried before Olsen, J., who denied defendant's motion to dismiss the action upon the ground that plaintiff had not chosen the proper remedy (his remedy being to proceed in the original action), and for the further reason that it appeared there was a former action pending against defendant, made findings and ordered judgment in favor of plaintiffs in the sum of $75. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.
*Tom Davis* and *Ernest A. Michel,* for respondents.

Brown, C. J.

One A. Warden Haynes brought an action against defendant for personal injuries alleged to have been caused by the wrongful acts of its agents and servants, claiming in his complaint damages in the sum of $20,000. Issue was joined but before the cause came on for trial the company settled the claim with plaintiff therein, paying

him the sum of $75 in full for his alleged injuries. Plaintiffs in this action, Davis & Michel, were attorneys for the plaintiff in that action and the settlement was entered into without their knowledge or consent. No part of the money received by Haynes on the settlement was paid to his attorneys, and the trial court found that he is insolvent. The attorneys brought the former action under an express contract with the plaintiff therein, by which it was agreed that they should receive as compensation for their services one-half of whatever recovery was had against the company, and further, "that in case second parties (the attorneys) advance any money for expenses in said prosecution of said claim, said sum is to be deducted from the total amount received thereon before a division as heretofore set forth." The contract also provided that Haynes should not settle the action without the consent of his attorneys, and the same prohibition was placed upon the attorneys. This stipulation is, however, of no importance; it was invalid and did not in any way prevent the plaintiff from making such settlement of the action as he thought proper, and without consulting his attorneys (Boogren v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 3 L.R.A. [N.S.] 379, 114 Am. St. 691), though the settlement did not relieve the company from liability under the present attorney's lien statute. G. S. 1913, § 4955.

Subsequent to the settlement the attorneys brought this independent action against the company to recover the value of their services, and the advances made by them, on the theory that the settlement extinguished and destroyed their lien, and since it was made without their consent was wrongful, subjecting the company to liability for their compensation. Defendant answered admitting the settlement and alleging the payment of the sum of $75 in full for all injuries received by Haynes, and that the settlement was made in good faith. The answer also alleged that a prior action had been brought by Haynes to recover for the same injuries, through other attorneys, which action is still pending, has not been dismissed or disposed of by trial or otherwise.

Upon the issues thus framed the cause proceeded to trial before the court without a jury. The court found the facts substantially

as here stated. Though the complaint charged that the settlement was made and entered into for the fraudulent purpose of defeating the attorneys out of their compensation, the court made no finding upon the question, and we assume therefore that the settlement was made in good faith and without the wrongful purpose alleged in the complaint. The court further found that the prior action, commenced by other attorneys, was not pleaded as a defense or otherwise in the action brought by these plaintiffs, and concluded that such action was no bar to plaintiffs' right of recovery for services rendered in the second action. The court also found that the value of plaintiffs' services exceeded the sum of $75, and that they advanced as expenses of the litigation the sum of $75 and over. As conclusions of law the court found that plaintiffs were entitled to judgment in the sum of $75 and the costs and disbursements of the action. Judgment was entered accordingly and defendant appealed.

As we understood from the record, it was the contention of plaintiffs in the court below that they were entitled to the reasonable value of their services, regardless of the amount of the settlement, and also to the full amount of the disbursements made by them. The trial court evidently did not sustain this contention; on the contrary the court was of the opinion that plaintiffs' recovery could not exceed the amount of the settlement. The decision of the court has not been challenged by plaintiffs in any respect, and so far as adverse to any of their contentions it is the law of the case. We have, therefore, only to determine the questions raised by defendant. On the theory that the settlement was made in good faith, and without a purpose to defraud the attorneys, the trial court was right in holding that the amount thereof was the basis for the computation of the plaintiffs' recovery, and that under their contract, they could recover no more than one-half thereof. Whether the court was right in holding that they were not entitled to the full amount of advances made, we do not stop to consider. The decision of the trial court is final as to plaintiffs.

We then come to the questions raised by defendant's assignments of error. Defendant contends:

(1) That plaintiffs cannot maintain an independent action to

recover their compensation or advances made, or to enforce their lien, but are confined to a proceeding in the original action.

(2) That the amount of plaintiffs' compensation is fixed by their contract with Haynes and cannot exceed one-half the settlement, and that the advances must be limited to costs that might properly be taxed in the action.

(3) That plaintiffs can recover nothing by reason of the pendency of the former action brought by another attorney.

1. The first contention goes to the form of procedure in such cases. Heretofore proceedings of this kind have been prosecuted in the original action and such perhaps is the general practice in other states, though it is far from uniform. 2 Ruling Case Law, § 176, p. 1084; 3 Am. & Eng. Enc. (2d ed.) 468; 4 Cyc. 1022. We held in Weicher v. Cargill, 86 Minn. 271, 90 N. W. 402, that it was a proper proceeding, though we did not go to the extent of saying that it was exclusive of all other remedies. We are not impressed that the form of procedure in such cases is of serious moment or importance. The lien rights sought to be enforced in the case at bar are given by statute (section 4955, G. S. 1913), and the statute vests in the attorney a legal right to resort to the cause of action, or any settlement thereof without his consent, for his compensation. It is well settled in this state, as well as in all states where the common-law distinction between forms of action has been abolished, that a complaining party may resort to any judicial remedy for the enforcement of his rights, legal or equitable, which is adequate and appropriate to the relief sought. The rule as we understand it extends to all actions or special proceedings, except in those cases where a right, not existing at common law, is created by statute, and a remedy for its enforcement is also provided. In such case the remedy so prescribed is generally held exclusive. 1 Dunnell, Minn. Dig. § 85, et seq; 7 Enc. Pl. & Pr. 362. The statute creating the lien under which plaintiffs claim does not prescribe a remedy for its enforcement, and we think, and so hold, that the attorney in such case may elect whether to proceed by independent action, or in the original suit. Yonge v. St. Louis Transit Co. 109 Mo. App. 235, 84 S. W. 184; Lawson v. Missouri & K. Tel. Co. 178 Mo.

App. 124, 164 S. W. 138; Herman Const. Co. v. Wood, 35 Okla. 103, 128 Pac. 309. Either procedure is adequate, affords all parties an opportunity to be heard, and the same result follows in each.

2. It appearing in this case that the settlement was made in good faith, and without purpose to defraud the attorneys (at least there is no finding of the court to the contrary), we sustain the contention of defendant that the amount of the settlement must be taken as a basis from which to compute the attorneys' fees. Plaintiffs were entitled under their contract with Haynes to one-half the recovery in the action, and the amount of the settlement finally fixes in this case the amount of such recovery. They are therefore entitled as and for their compensation for services rendered to the sum of $37.50. But this does not necessarily deprive them of the right to be reimbursed for the expenses incurred, which the contract provided should be taken from the recovery before a division between the parties. The company is bound by the terms of the contract in this respect, and the attorneys are entitled to reimbursement for any legitimate expense incurred by them in the prosecution of the action. This is not necessarily limited to taxable items of costs and disbursements, but includes any expenditure which might properly be made in furtherance of the prosecution of the action. Whether the recovery for such disbursements may in any case exceed the amount of the settlement, we do not, for reasons already stated, determine. The compensation and disbursements were in this case so limited by the trial court, and of this plaintiffs are in no position to complain, not having appealed from the judgment. Nor do we consider whether, in cases of this kind, the amount of the settlement is final as to the attorneys' compensation where the settlement was made in fraud of his rights. The question is not here involved. We dispose of the case on the theory that there was no fraud, and that the plaintiff had the right to settle the action without the consent of his attorneys, notwithstanding the stipulation in the contract that he should not do so. Boogren v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 3 L.R.A.(N.S.) 379, 114 Am. St. 691; Desaman v. Butler Bros. 118 Minn. 198, 136 N. W. 747, Ann. Cas. 1913E, 642.

3. The third contention of defendant, that the pendency of the former action is a bar to the lien rights of the attorneys in the second action, is not sustained. The pendency of that action was not pleaded as a bar to the second action, and the record contains no suggestion that plaintiffs had knowledge thereof when the second action was brought. For aught that appears from the record plaintiffs proceeded in good faith, without notice of the other action, and since they were permitted to so proceed without, by pleading the former action or otherwise, notifying them of its pendency, defendant is in no position to complain that it may possibly be subjected to the payment of two separate liens upon the same cause of action.

Judgment affirmed.