GEORGE GEORGIAN v. MINNEAPOLIS & ST. LOUIS RAILROAD
COMPANY.[1]

November 12, 1915.

Nos. 19,394—(58).

**Attorney's lien — defendant liable for amount of fee.**

1. Plaintiff agreed with his attorney that the latter should receive as his compensation forty per cent of any judgment or verdict against defendant. A verdict was had for $2,000. After judgment was entered, defendant settled with plaintiff personally for $1,500, paying him $1,050 and retaining $450 to protect itself against any attorneys' claims for services. Plaintiff's attorneys moved for judgment, which was thereafter entered against defendant in favor of the attorneys for $885. *Held* that, it being conceded that plaintiff's attorney of record had a lien on the cause of action, defendant was not justified in accepting plaintiff's statement that someone else was his attorney, nor in accepting plaintiff's version of the contract between himself and his attorney in the absence of any attempt by defendant to consult either the attorney of record or the attorney named by plaintiff.

**Judgment in favor of assistant attorney.**

2. There is no error in entering judgment in favor of the attorney of record and counsel who assisted him at the trial when plaintiff's attorney of record joins his assistant with him in the motion papers.

**Evidence.**

3. The evidence is sufficient to support the findings and judgment of the trial court.

William A. Tautges and P. J. McLaughlin, attorneys for plaintiff in an action in the district court for Ramsey county, moved for an order vacating a stipulation for dismissal of an appeal taken by defendant which was signed by plaintiff in person and the attorneys of defendant, and for an order determining the fees of plaintiff's attorneys to which they were entitled for services rendered in the action, on the ground that they had a lien on the cause of action for their compensation and for

1 Reported in 154 N. W. 962.

Note.—As to right of attorney who takes case on contingent fee to implied or equitable lien on fund recovered, see note in 27 L.R.A.(N.S.) 634.

As to dismissal of suit to defeat attorney's lien or claim to compensation, see note in 5 L.R.A.(N.S.) 390.

the costs and disbursements advanced in behalf of plaintiff, which lien had never been satisfied by defendant. The motion was heard before Olin B. Lewis, J., who made findings and ordered judgment in favor of plaintiff's attorneys for the sum of $885; and, for the purpose of enforcing and satisfying the lien, the stipulation and dismissal of the action were set aside and the verdict in the action reinstated to the extent of that amount, and judgment ordered in favor of plaintiff's attorneys and against defendant for the amount of their claim with costs. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.
*William A. Tautges* and *P. J. McLaughlin, pro se.*

SCHALLER, J.

Proceeding to enforce attorney's lien under section 4955, G. S. 1913.

The plaintiff, George Georgian, brought an action against the defendant for personal injury on the ground of negligence. Plaintiff had a verdict for $2,000. A motion for a new trial was made and denied. Defendant appealed to this court. A stipulation dismissing the appeal was thereafter entered into, between the plaintiff personally and defendant's attorneys. It was filed in this court and the appeal was dismissed. The same parties also stipulated to dismiss the case on the merits and without costs to either party. The latter stipulation was filed in the district court.

Plaintiff had contracted with his attorney, Mr. William A. Tautges, that the latter should bring an action and receive as his compensation forty per cent of any verdict or judgment entered therein, in addition to any proper disbursements made by him in prosecuting the same.

The stipulations for dismissal were entered into pursuant to an agreement between the plaintiff personally and the defendant's attorneys, under the terms of which plaintiff accepted $1,500 in full settlement. Defendant paid him $1,050, retaining $450 to protect itself against claims for attorneys' services. The settlement was made without the knowledge or consent of plaintiff's attorneys. When the matter came to their notice, plaintiff's attorney of record, Mr. William A. Tautges, and Mr. P. J. McLaughlin, who assisted him at the trial, on certain

affidavits and on all the files and records in the action, moved that the verdict and cause be reinstated and that judgment be entered in their favor against the defendant for the amount which was claimed to be due them for services and disbursements. Defendant appeared on the hearing and filed an affidavit to the effect that, before the trial of said cause, one of its attorneys had been informed by Mr. William A. Tautges that he was acting for another attorney in the case, and that the attorney for whom he was acting did not care to have his identity disclosed.

The matter was argued and submitted to the court, which made and filed its findings of fact, conclusions of law and order for judgment. Thereupon judgment was entered in favor of Messrs. Tautges and McLaughlin and against the defendant for the sum of $885, their agreed compensation and expenses incurred in prosecuting the action. From this judgment the defendant appeals.

1. The parties to this controversy apparently submitted the whole matter to the court on the hearing of the motion, so that no question of procedure arises herein. The form of procedure in these cases is not of serious moment. Davis v. Great Northern Ry. Co. 128 Minn. 354, 151 N. W. 128.

It is earnestly argued that a statement, made by Mr. Tautges to one of defendant's attorneys before the trial of this case, to the effect that Tautges was acting for another lawyer who did not care to disclose his identity, constituted an estoppel; that it justified defendant in accepting a statement made to it by plaintiff that one Campbell was his attorney; that he had a written contract with Campbell, and that Campbell's compensation under that contract was to be thirty per cent.

We do not think that this statement, made under the circumstances disclosed by the record, amounts to an estoppel. It is conceded that Mr. Tautges was the attorney of record and had a lien on the cause of action. Ordinary prudence would suggest that defendant, before it paid any money, should consult the attorney of record and find out what rights he claimed. This was not done. Defendant relied on the statements of plaintiff and did not retain money enough to protect itself. The result is that it, rather than plaintiff's attorneys, should bear the consequences of its lack of caution.

2. The judgment is in favor of Messrs. Tautges and McLaughlin. This is assigned as error because it is claimed Mr. McLaughlin had no lien even though he assisted at the trial and in subsequent proceedings. We do not see how this action can be prejudicial to the defendant. Whatever Mr. McLaughlin's rights may have been, it is admitted that Mr. Tautges had a lien. If he was disposed to associate another with him and treat him as having equal rights with himself, so long as the amount claimed did not exceed the amount contracted for by the plaintiff and Mr. Tautges, defendant could not be injured.

The verdict was for $2,000. The trial court found that the attorney's contract was for forty per cent of the verdict or judgment and that necessary taxable costs and disbursements in the sum of $85 were incurred and paid out for the plaintiff by his attorneys. The court ordered judgment for $885, being forty per cent of the verdict plus the disbursements. In view of these findings, we are not called upon to say whether or not the amount awarded is reasonable. It is the compensation agreed upon by the parties.

3. An examination of the record leads us to the conclusion that there is evidence sufficient to support the findings and that the latter sustain the judgment entered in accordance therewith. Desaman v. Butler Brothers, 118 Minn. 198, 136 N. W. 748, Ann. Cas. 1913E, 642; Desaman v. Butler Brothers, 114 Minn. 362, 131 N. W. 463.

Judgment affirmed.