## JOHN KUBU v. JOSEPH KABES, APPELLANT.
## E. W. KOMAREK, RESPONDENT.

### May 23, 1919.

### No. 21,131.

**Attorney's lien — action in tort.**

1. Subdivision 3 of section 4955, G. S. 1913, providing that an attorney shall have a lien for his compensation upon the cause of action from the time of the service of the summons therein applies to an action in tort as well as upon an action upon contract.

**Same — solvency of client immaterial.**

2. The lien is created by statute and neither the validity nor the enforcement thereof depends upon the solvency or insolvency of the client.

1Reported in 172 N. W. 496.

28—Vol. 142 M.

**Attorney's lien — notice to defendant.**

    3. The defendant in the action is charged with notice of the lien and a settlement of the action without the knowledge or consent of the attorney, and the payment of the amount agreed upon between the parties will not, where there is no waiver by the attorney, relieve him from further liability on the lien.

**Same — waiver of lien.**

    4. To justify a court in declaring a waiver of an existing legal right, in the absence of facts creating an estoppel, an intention to waive should clearly be made to appear. On the facts stated in the opinion it is *held* that there was no waiver by the attorney of his rights under the lien here in question.

    Action in the district court for Le Sueur county. E. W. Komarek, attorney for plaintiff, obtained an order requiring defendant to show cause why his motion to vacate the judgment of dismissal entered pursuant to stipulation of the parties themselves and for judgment in his favor in the sum of $550 against the defendant for professional services rendered plaintiff in connection with the action, should not be granted. The matter was heard by Tifft, J. who made findings and ordered judgment setting aside the judgment of dismissal and adjudging E. W. Komarek to have a lien on the cause of action for $250 and giving him judgment against defendant for that sum. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

    *Charles C. Kolars,* for appellant.

    *F. J. Leonard* and *E. W. Komarek,* for respondent.

BROWN, C. J.

This was an action in tort to recover damages for the alleged wrongful and unlawful acts of defendant, the facts with respect to which are stated in the complaint. Issue was joined by the answer of defendant, and the cause had been noticed for trial at the February, 1918, general term of the court in which it was brought. On February 16, two days before the first day of such term, the parties, acting without the guidance of their attorneys, and without the knowledge or consent of plaintiff's attorney, yet in good faith and without purpose to defraud him, agreed upon a settlement of the action, in performance of which defen-

dant paid to plaintiff in full discharge of the cause of action the sum of $250. A formal written release and satisfaction was signed and was filed with the clerk of the court on the eighteenth of February, the first day of the term, upon which, and on motion of defendant's attorney, respondent, as plaintiff's attorney, being present and interposing no objection, the court ordered the entry of a judgment dismissing the action on the merits, which was subsequently entered. Plaintiff had not paid his attorney for the services rendered in the action, and the attorney received no part of the money paid on the settlement.

Thereafter, in April, 1918, claiming a lien on the cause of action for his services and expenses, under the provisions of subdivision 3 of section 4955, G. S. 1913, plaintiff's attorney brought this proceeding to open the judgment, and for leave to present his claim, and for judgment against defendant for the amount the court should find him entitled to thereon. Issues joined in the proceedings were subsequently brought to trial before the court at a general term thereof on May 8, 1918. After hearing the parties and the evidence presented in support of and in opposition to the application, the court found the facts substantially as stated. The judgment was opened, the claim of lien sustained and an award made to the attorney thereon against defendant in the sum of $250, which the court found to be the reasonable value of his services, including expenses incurred in and about the commencement of the action and the preparation thereof for the trial. Judgment was entered accordingly and defendant appealed.

The findings of the trial court are challenged in certain specified particulars, but an examination of the record discloses evidence sufficient to support them in all respects, except perhaps the finding that plaintiff in the action is insolvent. But that finding is immaterial. The attorney's lien is created and given by statute, and the enforcement thereof, like the enforcement of any other lien, does not in any measure depend upon the solvency or insolvency of the client. The client may be perfectly solvent and able to pay the fees of the attorney, but that fact does not affect the attorney's legal rights under the lien. So we pass without further comment the objections to the findings, and come to a consideration of the principal question in the case, namely: (1) Whether the statute giving an attorney a lien upon the cause of action extends to

actions in tort; and (2) whether respondent waived his rights under the lien by failing to object to the entry of judgment on the stipulation of settlement.

1. The statute under consideration, subdivision 3 of section 4955, G. S. 1913, provides that an attorney shall have a lien for his compensation "upon the cause of action from the time of the service of the summons therein." The contention of appellant that the statute does not apply to actions in tort is not sustained. Statutes of other states in substantially the same language have in a majority of cases been construed as applying to actions in tort as well as to actions upon contract. 6 C. J. p. 779; Greenleaf v. Minneapolis, St. Paul & S. S. M. Ry. Co. 30 N. D. 112, 151 N. W. 879, Ann. Cas. 1917D, 908, and note at page 917. And the statute of this state has been so applied in numerous instances, though the precise point has not heretofore been made. Desaman v. Butler Bros. 114 Minn. 362, 131 N. W. 463; Davis v. Great Northern Ry. Co. 128 Minn. 354, 151 N. W. 128; Castigliano v. Great Northern Ry. Co. 129 Minn. 279, 152 N. W. 413; Georgian v. Minneapolis & St. Louis R. Co. 131 Minn. 102, 154 N. W. 962. We see no reason for departing from the rule as so applied. Hammons v. Great Northern Ry. Co. 53 Minn. 249, 54 N. W. 1108; and Boogren v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 114 Am. St. 691, 3 L.R.A. (N.S.) 379, holding to the contrary, were decided prior to the amendment of the statute by the revision of 1905, the effect of which was the abrogation of the rule therein stated, the correctness of which in the absence of statute is not questioned. Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701, 12 Ann. Cas. 341.

2. It is contended that by failing to object to the entry of the judgment on the stipulation of settlement, when applied for in open court, the attorney waived his lien and should not now be heard in proceedings to enforce it. We do not sustain the point. In order to justify a court in declaring the waiver of an existing legal right, in the absence of facts creating an estoppel, an intention to do so should clearly if not affirmatively appear. 40 Cyc. 261. It does not so appear in the case at bar. The settlement in question had been fully agreed upon and the money paid over prior to the time when the stipulation was presented to the court for the entry of judgment, and no objection then made by the at-

torney would have availed him in the protection of his rights. The situation presents no element of estoppel. On the Saturday preceding the day on which the stipulation was filed in court, the attorney for defendant by long distance telephone informed respondent that the matter of settlement was under way and would probably be completed that day. Respondent then requested the attorney for defendant to protect him as to his fees and compensation, to which the attorney replied that he "was not in position to do it, because I had nothing to do with arranging the terms of the settlement." If the attorney was not in position to protect respondent at the time the settlement was being negotiated, an objection made to the entry of judgment, or a new request for protection made at that time, would have been equally unavailing, for the record contains nothing to indicate that the attorney was then in any better position to extend the solicited protection. Clearly there was no waiver on the part of respondent. Defendant was in no way misled. He was charged with notice of the lien, Desaman v. Butler Bros. supra, and it is immaterial that he paid the amount of the settlement to the plaintiff in good faith. Since he had notice of the lien he must pay again. Weeks, Attorneys at Law, § 377. Although defendant had the right to make the settlement without consulting his attorney, and there was no purpose or design to defraud the attorney, for his own protection he was bound to guard against a possible second liability on the lien, precisely as he would in a transaction involving mortgaged property. This he could have done by withholding payment until the attorney's lien had been released or discharged.

This covers the case and all that we deem necessary to say in disposing of the questions presented. We find no error in the record, the findings of the trial court are supported by the evidence, and the judgment appealed from must be affirmed.

It is so ordered.