# CARL R. WILDUNG v. SECURITY MORTGAGE COMPANY OF AMERICA.

## D. V. HINRICHS AND ANOTHER, APPELLANTS.[1]

### July 11, 1919.

### No. 21,288.

**Attorney and client — settlement of litigation.**

1. Parties to an action have a right to settle it in any manner they see fit without the knowledge or consent of their attorneys.

**Same — lien of attorney — notice to litigants.**

2. In making a settlement, they are required to take notice of the lien rights which are given by statute to attorneys, and, for their own protection, are bound to guard against a possible second liability under the lien, precisely as they would be if the transaction involved mortgaged property.

**Trover and conversion — statute inapplicable.**

3. Subdivision 3 of section 1, chapter 98, Laws 1917, relating to notice, has no application to an action for damages for the alleged conversion of plaintiff's property.

**Lien of attorney — right of set-off superior.**

4. An attorney's lien attaches only to the amount which is ultimately due his client after adjusting all the cross-demands and equities between the parties to the action. It extends to the clear balance found to be due the client either at the termination of the litigation or in the settlement, if one is made. The right of set-off between the parties to an action is superior to the claims of attorneys under the lien statute.

**Objection to counterclaim — waiver.**

5. The objection that counterclaims are not proper under G. S. 1913, § 7757, is waived if a settlement is made and the parties treat the demands upon which the counterclaims were founded as valid.

**Amount of lien fixed by express contract.**

6. Where there was an express contract between an attorney and his client, fixing the compensation which the former was to receive, the amount of his lien for services is properly determined by referring to the contract.

[1]Reported in 173 N. W. 429.

Action in the district court for Ramsey county to recover $12,200 for conversion of an automobile and certain books and papers. The facts are stated in the opinion. The motion of Charles E. Bowen, attorney of the plaintiff, to vacate the stipulation for settlement and dismissal filed in the cause, to determine and award to him the fees to which he was entitled for services rendered in the action, was heard by Olin B. Lewis, J., who made findings and awarded plaintiff $1,119.18 as compensation for his services, and the amount of his disbursements, and gave him a lien for the same. From the findings and order for judgment, defendants appealed. Modified.

*Todd, Fosnes, Sterling & Nelson,* for appellants.

*Charles E. Bowen,* pro se.

LEES, C.

Plaintiff, a dealer in automobiles, brought this action to recover damages for conversion of an automobile and certain books and papers. The value of the property was alleged to be $1,200. He also sought to recover $5,000 special damages for mental anguish caused by the malicious conduct of defendants in taking the property, and $3,000 for destroying his trade and business. The mortgage company and Hinrichs answered jointly and alleged that they held three notes on which plaintiff was liable as maker or guarantor, amounting to $1,562.74. The notes were severally pleaded as counterclaims. Hagen answered separately and set up a counterclaim of $400 for services rendered to plaintiff. Plaintiff demurred to each of the counterclaims, and on September 9, 1918, noticed the demurrers for argument on September 21. On September 10 a settlement was made, whereby the parties mutually released and discharged each other from all claims and demands, and stipulated that the action then pending should be dismissed. Garnishment proceedings, which had been instituted, were also dismissed and the garnishee discharged.

Charles E. Bowen was plaintiff's attorney in the action. He had a written contract with plaintiff whereby it was agreed that he should receive as compensation for his services "45 per cent of the amount recovered in the adjustment of (plaintiff's) claim by suit or otherwise." The summons was served on August 6 and filed on August 11, 1918.

The settlement was made without the knowledge or consent of plaintiff's attorney. He has never been paid anything for his services or disbursements. Defendants made the settlement with notice of his statutory lien on the cause of action and with intent to deprive him of compensation.

In the settlement, plaintiff got from the mortgage company the three notes upon which its counterclaims were founded and a check for $471.-52. He also got a release from Hagen of the latter's claim for services. The total amount thus received was $2,489.31. The court found that all the counterclaims were valid and that plaintiff was legally bound to pay them.

On September 20, 1918, an order was entered requiring defendants to show cause why the settlement agreement should not be set aside, the amount to which plaintiff's attorney was entitled as compensation for his services determined, and judgment rendered for the amount so determined, pursuant to the statute relating to attorney's liens. The matter was submitted on the files in the case and affidavits of the parties and their attorneys. The court awarded plaintiff's attorney $1,119.18 as compensation for his services under his contract of employment, and $10.95 to reimburse him for the expenses of bringing suit, and he was given judgment against defendants accordingly. They appeal from the judgment.

The attorney's lien statute has been frequently before this court for construction and application. The original statute was amended by chapter 98, p. 121, Laws 1917. So far as here material, the statute now provides that an attorney has a lien for his compensation upon the cause of action from the time of the service of the summons, that such lien may be established and the amount thereof determined by the court summarily in the action on the application of the lien claimant, and that judgment shall be entered under the direction of the court, adjudging the amount due and the sale of the property subjected to the lien to satisfy such amount.

1. The parties had a right to settle the action as they saw fit, without the knowledge or consent of their attorneys. Boogren v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 3 L.R.A.(N.S.) 379, 114 Am. St. 691; Burho v. Carmichiel, 117 Minn. 211, 135 N. W. 386, Ann

Cas. 1913D, 305; Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717.

2. In making a settlement, they were required to take notice of the lien rights which are given by the statute to attorneys, and for their own protection were bound to guard against a possible second liability under the lien, as they would be if the transaction involved mortgaged property. Kubu v. Kabes, 142 Minn. 443, 172 N. W. 496; Desaman v. Butler Bros. 114 Minn. 362, 131 N. W. 463.

3. The provision for notice contained in chapter 98, p. 121, Laws 1917, has no application in a case such as this, where the cause of action grows out of the alleged conversion of plaintiff's property, and the action is brought to recover damages only.

4 The principal question raised may be thus stated: Does an attorney's lien attach to the full amount of the original claim of his client, or only to the amount which is ultimately found to be due him after adjusting all the cross-demands and equities between the parties to the action? In Morton v. Urquhart, 79 Minn. 390, 82 N. W. 653, it was held, that a judgment debtor might set off against his judgment creditor a judgment against him which he had purchased from a third party and so defeat a lien of the attorney for the judgment creditor upon the judgment in favor of his client. It was remarked that the right of set-off between parties to an action is superior to the claim of an attorney who can have no greater rights against a judgment debtor than his client has.

Under this rule, if plaintiff had recovered a judgment against the mortgage company and it had obtained a judgment against him in an independent action brought on his notes, it could have set off such judgment against his, and thus defeat the lien of his attorney. If his rights in the case supposed would have been subordinate to such right of set-off, they must also be subordinate to the right of each defendant to set off the original demand on which the judgment would be founded if recovered in an independent action brought thereon. In principle, it is immaterial whether a defendant resorts to an independent action to recover upon a demand he has against plaintiff or asserts such demand by way of counterclaim. It follows that by canceling a portion of plaintiff's claim for unliquidated damages by the surrender of the notes and

discharge of the account, which were the basis of the several counterclaims against him, the parties were accomplishing only that which the court might have compelled had several independent actions been brought, resulting in judgments against plaintiff. In either event the attorney's lien rights are affected in the same way.

The weight of authority sustains the conclusion we have reached. It is generally held that an attorney's lien should extend only to the clear balance found to be due his client either at the termination of the litigation or in the settlement, if one is made. Nat. Bank of Winterset v. Eyre, 8 Fed. 733; Bosworth v. Tallman, 66 Wis. 533, 29 N. W. 542; Tiffany v. Stewart, 60 Iowa, 207, 14 N. W. 241; Mosley v. Norman, 74 Ala. 422; Popplewell v. Hill, 55 Ark. 622, 18 S. W. 1054. The rule has been happily stated as follows: "Natural equity says that cross-demands should compensate each other by deducting the less sum from the greater, and that the difference is the only sum which can be justly due." Story, Eq. Jur. § 1868.

5. It is contended that the notes and accounts were not proper subjects of counterclaim because they do not come within any of the provisions of G. S. 1913, § 7757. This may be conceded without defeating the application of the principles to which reference has been made. Plaintiff had the undoubted right to make the settlement which was agreed upon and is not questioning it so far as his own rights were affected by it. In effect he withdrew his demurrers when he made the settlement. Furthermore by holding, as we do, that the lien of an attorney extends only to the clear balance due his client upon the settlement of the cross-demands of the parties, we nullify the effect of the argument against the counterclaims, even though it be recognized as a correct statement of the law in the abstract.

6. It was suggested, but not decided, in Desaman v. Butler Bros. 118 Minn. 198, 136 N. W. 747, Ann. Cas. 1913E, 642, that, if a settlement is made at any time before the rendition of a verdict, the attorney's lien for services is measured by the amount actually received, and in Davis v. Great Northern Ry. Co. 128 Minn. 354, 359, 151 N. W. 128, 130, it was held that ordinarily the amount received in the settlement must be taken as the basis on which to compute attorney's fees. In the case at bar, there was no proof as to the value of the attorney's services.

The court adopted the contract of employment as the measure of their value. No question has been raised on this appeal as to the propriety of so doing. On that basis the judgment should have been for the agreed percentage of the money which was actually received in the settlement and for the disbursements incurred in bringing the action. The amount so received was represented by the check of $471.52. This sum only was subject to the attorney's lien.

A new trial is unnecessary in view of the full and specific findings which were made. The judgment should be modified and the case is remanded with directions to amend the findings of fact and conclusions of law so as to provide that plaintiff's attorney shall have a lien of $223.-13 upon the cause of action herein, with interest thereon from September 14, 1918, and for judgment against defendants for that amount with costs.

Judgment modified.