EMPRO CORPORATION, Respondent,

v.

SCOTTLAND HOTELS, INC., et al., Taping, Inc., National Satellite Antenna Systems, Inc., et al., D.F. Countryman Co., Langford Tool & Drill Co., Respondents,

Jordan Crane Service, Inc., et al., Defendants,

City of Shakopee, Harlan Grayden, Erwin Borgen, Respondents,

John Doe, et al., Defendants.

TAPING, INC., Third–Party Plaintiff, Respondent,

v.

KRAUS–ANDERSON CONSTRUCTION COMPANY, Third–Party Defendant, Respondent.

RALPH HALL AND ASSOCIATE, INC., Third–Party Plaintiff, Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Third–Party Defendant, Respondent.

No. C1–89–908.

Court of Appeals of Minnesota.

Jan. 2, 1990.

Donaldson V. Lawhead, Rochester, for Ralph Hall and Associate, Inc.

Allen E. Christy, Jr., Hadlick, Hoedeman & Christy, P.A., Minneapolis, *for Empro Corp.*

Bradley C. Thorsen, Minneapolis, for Scottland Hotels, Inc., et al., Kraus–Anderson Const. Co.

Denis E. Grande, Timothy J. Grande, Arthur, Chapman & McDonough, P.A., Minneapolis, for Taping, Inc., Continental Cas. Co.

James W. Reuter, Minneapolis, for Nat. Satellite Antenna Systems, Inc., et al.

Harry E. Paulet, Monson, Paulet, Smith and Faricy, Saint Paul, for D.F. Countryman Co.

John M. Harvey, Harvey, Sheehan & Benson, Minneapolis, for Langford Tool & Drill Co.

Julius A. Coller II, Shakopee, for City of Shakopee.

Alan G. Jontz, Minneapolis, for Harlan Grayden.

William L. Stockman, Minneapolis, for Erwin Borgen.

Heard, considered and decided by FOLEY, P.J., and KALITOWSKI and STONE,* JJ.

## OPINION

FOLEY, Judge.

This is an appeal from a judgment enforcing an attorneys' lien on a quantum meruit basis in a mechanics' lien action where a crossclaiming defendant settled with a new owner of sole proprietorship that the law firm had represented and where the law firm was simultaneously discharged. The law firm challenges the amount of the lien awarded, the trial court's failure to enforce the attorneys' lien against real property affected by the client's mechanics' lien and the owner of the property, and the trial court's failure to order satisfaction of attorneys' lien out of funds escrowed for mechanics' lien claimants. We affirm.

* Acting as judge of the Court of Appeals by ap-

## FACTS

In 1982, appellant Ralph Hall and Associate, Inc. contracted with respondent Taping, Inc. to install exterior plaster at the Canterbury Inn Hotel in Shakopee, Minnesota. Taping was a subcontractor of the general contractor to the owner of Canterbury Inn. In December 1986, another subcontractor on the project started a mechanics' lien foreclosure against Hall, Inc., Taping and many others.

The law firm of Peterson, Wieners & Lawhead, P.A. was retained by Hall and Associates in December 1986 to foreclose mechanics' liens against Taping. PW & L claims it had an express oral agreement with Ralph Hall for a one-third contingency fee and costs. PW & L asserts it was not informed that on January 21, 1988, a dissolution trial court ordered that Ralph's wife Sarah have full and exclusive control of Hall and Associates. PW & L had been retained by Ralph, not Sarah, to represent Hall and Associates.

PW & L moved for summary judgment on April 7, 1988. On the day of hearing, PW & L learned that on the preceding day Sarah had settled Hall and Associates' claim with Taping and had signed a document discharging PW & L. The trial court later found Taping's attorneys prepared the settlement documents and knew PW & L represented Ralph when he was owner of Hall and Associates.

A stipulation of dismissal with prejudice between Hall and Associates and Taping was filed and judgment entered on April 19, 1988. On April 27, 1988, PW & L filed an attorneys' lien in the mechanics' lien action against the real and personal property of Hall and Associates and with the registrar of titles on the real property, which was the subject of the mechanics' lien action. PW & L did not make a filing with the secretary of state.

In order to pay Sarah in April 1988, Taping borrowed from The Bank North, giving the bank a security interest in Taping's accounts receivable. Bank North

pointment pursuant to Minn. Const. art. 6, § 2.

filed its security agreement with the secretary of state on August 8, 1988.

In June 1988, the trial court denied PW & L's motion to vacate the Taping–Hall and Associates settlement and PW & L's petition to enforce its attorneys' lien, ordered PW & L to serve Sarah with the petition and ordered a hearing on the attorneys' lien claim after trial of the mechanics' lien action. PW & L appealed to this court on the denial of its attorneys' lien petition.

The mechanics' lien action was tried July 13, 1988. All claims were settled on the record. The general contractor and the owner agreed to pay Taping $63,700, and on July 28, 1988, hearing was had on Taping's motion to determine the priorities of payment of the $63,700. Although PW & L's appeal was still pending with this court, PW & L appeared at the hearing, claiming it should either have its attorneys' lien enforced out of the $63,700 or the Taping–Hall and Associates settlement should be vacated.

On September 6, 1988, the trial court denied PW & L's motions because of the pending appeal. The trial court ruled on the escrowed funds, however, saying the attorneys' lien against the Taping–Hall and Associates settlement was collateral to the rest of the case and any lien entitlement would only be against the settlement proceeds received by Sarah. Concluding PW & L's claim would not affect the rest of the case, the trial court ordered disposition of money held in escrow for the other mechanics' lien claimants.

Judgment was entered on October 6, 1988 on an order of the trial court giving Bank North the escrowed money paid by the general contractor and the owner to Taping because of the security interest the bank had in Taping's accounts receivable. PW & L did not appeal the October 1988 judgment. On August 16, 1988, this court dismissed the appeal of the trial court's June, 1988 denial of PW & L's attorneys' lien claim.

Hearing was had and evidence taken on PW & L's attorneys' lien claim on December 19, 1988. The trial court was informed Ralph had recently died. PW & L attempted to serve Sarah through her dissolution attorney and made publication service. Sarah did not appear at the hearing.

At the hearing, PW & L claimed it was owed approximately $27,000 under the one-third contingency fee agreement and asserted its attorneys' lien for that amount against Hall and Associates, Taping, the owner of the property and the money paid to Bank North. PW & L made no claim against Taping's bonding company at the time of hearing.

In a judgment entered on March 3, 1989, the trial court held PW & L's attorneys' lien was good only against the parties to the Taping–Hall and Associates settlement and rejected PW & L's claim to the money that went to Bank North, holding any interest Hall and Associates may have had was extinguished by the Taping–Hall and Associates settlement. The trial court found the reasonable value of PW & L's services was approximately $5,900 in fees and $600 in costs. PW & L appeals from the March 3, 1989 judgment.

## ISSUES

1. Did the trial err in fixing the value of PW & L's attorneys' lien?

2. Should PW & L's attorneys' lien have been enforced against the real property which was the subject of the mechanics' lien action and its owner?

3. Should PW & L's attorneys' lien have been satisfied out of the money received by Taping in settlement of its claims against the general contractor and the owner?

## ANALYSIS

1. The trial court held that PW & L was entitled to enforce its attorneys' lien against Taping as well as Hall and Associates. The court found Taping knew Hall and Associates was represented by PW & L and chose to settle with Sarah and should thus "bear the consequences of its lack of caution." *No challenge is made to that holding.* Taping has neither appealed nor sought review of the trial court's finding and is thus bound by that result.

PW & L argues the trial court erred in fixing the value of PW & L's attorneys' lien. The trial court expressly declined to address the validity of the contingency fee agreement, believing its analysis was governed by the rules of mechanics' lien actions. Reasoning that when it comes to awarding attorney fees against third parties in a mechanics' lien action the award must be "reasonable," the trial court found PW & L was only entitled to a quantum meruit award.

■ We agree with the amount of the lien the trial court awarded, but for a different reason. It is clear to this court the amount of the attorneys' lien should be governed by the attorneys' lien statute, not the mechanics' lien statute.

The attorneys' lien statute provides:

An attorney has a lien for compensation whether the agreement therefor be expressed or implied:

(1) Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, and upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section;

    \*    \*    \*    \*    \*    \*

(3) *The liens* provided by clauses (1) and (2) *may be established, and the amount thereof determined, by the court,* summarily, in the action or proceeding, on the application of the lien claimant or of any person or party interested in the property subject to such lien, \* \* \*.

Minn.Stat. § 481.13 (1986) (emphasis added). Under the statute, courts clearly have authority to determine the proper amount to be awarded in fees. We need not decide the validity of the contingent fee agreement to determine the proper award.

The cases on which PW & L relies as authority for an award of fees based on a contingent fee agreement are cases where the lawsuit was settled without informing the attorney. *See Wildung v. Security Mortgage Co.,* 143 Minn. 251, 253, 173 N.W. 429, 430 (1919); *Georgian v. Minneapolis & St. Louis Railroad Co.,* 131 Minn. 102, 103, 154 N.W. 962, 962 (1915); *Desaman v. Butler Brothers,* 114 Minn. 362, 363, 131 N.W. 463, 463 (1911). However, where an attorney is discharged, the fee is based on quantum meruit basis. *See Trenti, Saxhaug, Berger, Roche, Stephenson, Richards & Aluni, Ltd. v. Nartnik,* 439 N.W.2d 418, 421 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. July 12, 1989).

Here, even assuming arguendo the contingent fee agreement was valid, given that control of Hall and Associates had passed from Ralph to Sarah, this case is more akin to those cases where the attorney is discharged. Whatever relationship Ralph may have had with PW & L, it is not unreasonable for Sarah to have desired to sever the relationship with PW & L. While it is true that Sarah settled the case at the same time she discharged PW & L, an award of quantum meruit fairly compensates PW & L and yet recognizes a client's right to discharge an attorney with or without cause. *See Trenti,* 439 N.W.2d at 420.

■ 2. PW & L alleges the trial court erred by not enforcing PW & L's attorneys' lien against the real property that was the subject of the mechanics' lien action and by not entering judgment against the owner of the property. PW & L argues that because its client's action was a mechanics' lien foreclosure on real property, the attorneys' lien attaches to that property. We disagree. Any interest Hall and Associates may have had in the property by virtue of its mechanics' lien was extinguished when Hall and Associates settled with Taping. "Once formed, a lien on a cause of action exists until it is satisfied and is not extinguished by the entry of judgment on the cause of action." *Williams v. Dow Chemical Co.,* 415 N.W.2d 20, 26 (Minn.Ct.App. 1987) (citing *Desaman,* 114 Minn. at 364, 131 N.W. at 464). However, an attorneys' lien on a client's interest in litigation does

not give a right to claim against any third party in the litigation. *Id.*

Nor is there merit in PW & L's argument that judgment should have been entered against the owner of the property because it was an opposite party to Hall and Associates in the mechanics' lien action. The owner of the property was not involved in the Taping–Hall and Associates settlement. Again, the attorneys' lien on Hall and Associates' mechanics' lien foreclosure action does not give PW & L the right to claim against any and all parties involved in that litigation. *Id.*

3. PW & L argues the trial court erred by not ordering satisfaction of PW & L's attorneys' lien from the money received by Taping in settlement of its claims against the general contractor and the owner. The trial court found any interest Hall and Associates might have had was extinguished by the Taping–Hall and Associates settlement. We agree.

Even if Hall and Associates had an interest in the escrow money, it would be subordinate to Bank North's interest. Bank North filed its security agreement with the secretary of state. As against Bank North, which is a "third-party," the attorneys' lien would have been effective only "from the time of filing the notice of such lien claim." Minn.Stat. § 481.13(1). A lien on personal property "shall be filed in the same manner as provided by law for the filing of a security interest." Minn.Stat. § 481.13(4). PW & L did not file a security interest in Taping's accounts receivable.[1]

### DECISION

Affirmed.

---

1. We do not reach PW & L's claim that the trial court erred by not enforcing the attorneys lien against Taping's bonding company. A review of the record shows that the claim, although made in the petition, was not raised at trial. *See Security State Bank of Pine Island v. Holst,* 298 Minn. 563, 564, 215 N.W.2d 61, 62 (1974).