[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-17071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-21059-CV-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

METSCH & METSCH, P.A.,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2006)**

Before ANDERSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Metsch & Metsch, P.A. ("Metsch") was counsel to two individual and two corporate defendants in this civil suit brought by the United States of America.

During the course of the suit, $91,150 that had been placed in Metsch's trust account was frozen by injunctive order of the district court. Subsequently, the same $91,150 was the subject of a criminal forfeiture proceeding. Metsch did not participate in the criminal forfeiture proceeding; instead, it collaterally attacked the forfeiture, arguing to the district court presiding over the civil case that Metsch is entitled to retain $22,621.60 of the trust monies as compensation for attorneys' fees. Metsch sought an order enforcing Metsch's attorneys' retaining lien in that amount. The district court denied Metsch's motion. Metsch appeals.

As a preliminary matter, we address our jurisdiction to consider this appeal. While the November 23, 2005 order is not a final judgment, it does fall within the limited class of collateral orders that are deemed final because it: (1) conclusively determines the dispute between Metsch and the Government, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from the final judgment. *See Pagan v. United States*, 353 F.3d 1343, 1345 (11th Cir. 2003). The Government argues that this appeal is moot because the monies in the trust account have already been forfeited to the United States. However, Metsch asserts that its lien has priority over the interest the United States derived from the forfeiture. Thus, a real controversy exists and this case is not moot.

2

While the fact of the forfeiture does not moot this case, it is dispositive of this appeal. The district court correctly held that the criminal forfeiture operated to transfer all right, title and interest in the $91,150.00 in the trust account to the United States of America. Had Metsch wished to preserve any claim that it might have had to any of that money, it had to participate in the criminal forfeiture proceeding by filing a petition for ancillary proceedings within thirty days of the publication of the notice of forfeiture. 21 U.S.C. 853(n)(2). It is undisputed that Metsch filed no such petition. Therefore, any interest it may have had in the $91,150.00 in the trust account has been extinguished. *See* 21 U.S.C. 853(n)(7) ("if no such petitions are filed . . . the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.").

AFFIRMED.