# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1300

_____

Brian Kaibel; Daniel Dotse; Garfield Campbell; Rick Iskierka

*Plaintiffs*

Judith K. Schermer; Daniel W. Schermer

*Movants - Appellants*

v.

Municipal Building Commission; Mike Opat, individually and in his representative capacity; R. T. Rybak, individually and in his representative capacity; Mark Stenglein, individually and in his representative capacity; Lisa Goodman, individually and in her representative capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 23, 2013
Filed: January 9, 2014

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Judith K. and Daniel W. Schermer represent four security guards suing the Municipal Building Commission for unlawful termination. The Commission, created by statute, supervises public buildings in Minneapolis. In 2011, the Commission terminated the employment of the guards. They sued the Commission for violating Minn. Stat. § 383B.751 and 42 U.S.C. § 1983. The Schermers represented the guards, with a fee agreement. The district court ordered the Commission to either show cause or reinstate the guards with back pay. The Commission chose reinstatement, issuing checks for back pay to the guards. The Schermers' names were not on the checks. With the Section 1983 action still pending, the Schermers moved to establish an attorneys' lien against the Commission.[1] The district court denied the motion. This court reverses and remands.

I.

This court has jurisdiction of appeals from the final decisions of the district courts. **28 U.S.C. § 1291**. Final decisions include a "small class" of judgments that "although they do not end the litigation, are appropriately deemed 'final'" under the collateral order doctrine. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). This class of judgments "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995); *Howard v. Norris*, 616 F.3d 799, 802 (8th Cir. 2010). A decision is effectively unreviewable on appeal when it involves "an important right which would be 'lost, probably irreparably' if review had to await final judgment." *Abney v. United States*, 431 U.S. 651, 658 (1977) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

---

[1]The Schermers also seek attorney fees under 42 U.S.C. § 1988 and *Rogers Group, Inc. v. City of Fayetteville,* 683 F.3d 903 (8th Cir. 2012). Unlike in *Rogers Group*, the guards were awarded back pay and reinstated in response to the district court's Alternative Writ of Mandamus. The guards have not prevailed on a state law claim. *Id.* at 910.

Attorneys' lien decisions are often held to satisfy the collateral order doctrine. *See **Sanders v. Providence Washington Ins. Co.***, 442 F.2d 1317, 1319 (8th Cir. 1971) (finding jurisdiction over an attorneys' lien under the collateral order doctrine); **Sutton v. N.Y.C. Transit Auth.**, 462 F.3d 157, 160 (2d Cir. 2006) (finding "orders adjudicating attorney's fees are normally considered sufficiently distinct from the main litigation to be appealable as collateral orders"); **United States v. Metsch & Metsch, P.A.**, 187 Fed. Appx. 946, 947 (11th Cir. 2006) (finding the denial of an attorneys' lien effectively unreviewable on appeal); **Preston v. United States**, 284 F.2d 514, 515 n.1 (9th Cir. 1960) (finding appeal of an attorneys' lien decision "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

An attorneys' lien in Minnesota is governed by Minn. Stat. § 481.13, subd. 1(a).

> An attorney has a lien for compensation whether the agreement for compensation is expressed or implied . . . upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding . . . .

The lien exists "from the commencement of the action." **Id.** It "attaches at the commencement of the legal representation." **Dorsey & Whitney LLP v. Grossman**, 749 N.W.2d 409, 420 (Minn. App. 2008). Not recognizing the lien denies an interest in the "money or property . . . affected by" the attorneys' representation. **Minn. Stat. § 481.13**. *See **Stageberg v. Stageberg***, 695 N.W.2d 609, 616 (Minn. App. 2005) (recognizing attorney's interest in contingent fees as marital property). The district court's order was final, separate from the merits, and involved the loss of an important right. This court has jurisdiction under the collateral order doctrine.

## II.

The district court found that Minn. Stat. § 481.13 applied in "certain factual situations" where "equity demands." Since the Schermers have not tried to collect fees from their clients, the district court held that "equity does not warrant the imposition of a lien." *But see **Kubu v. Kabes***, 172 N.W. 496, 496 (Minn. 1919) ("The client may be perfectly solvent and able to pay the fees of the attorney, but that fact does not affect the attorney's legal rights under the lien.").

Interpretation of a state statute is a matter of law subject to de novo review. ***Johnson v. Methorst***, 110 F.3d 1313, 1315 (8th Cir. 1997). Under Minnesota law, an attorney need not seek to recover from their client before establishing a lien against the opposing party. ***Kubu***, 172 N.W. at 496-97. The defendant in *Kubu* settled directly with the plaintiff. Plaintiff's attorney sued the defendant and was awarded attorney fees. Whether the plaintiff was able to pay the attorney fee was immaterial.

> [Defendant] was charged with notice of the lien, and it is immaterial that he paid the amount of the settlement to the plaintiff in good faith. Since he had notice of the lien, he must pay again. Although defendant had the right to make the settlement without consulting his [plaintiff's] attorney, and there was no purpose or design to defraud the attorney, for his own protection he was bound to guard against a possible second liability on the lien . . . . This he could have done by withholding payment until the attorney's lien had been released or discharged.

***Id.*** (internal citations omitted); ***Krippner v. Matz***, 287 N.W. 19, 23 (Minn. 1939)*; see also **Georgian v. Minneapolis & St. Louis R.R. Co.***, 154 N.W. 962, 963 (Minn. 1915) ("Ordinary prudence would suggest that defendant, before it paid any money, should consult the attorney of record . . . and . . . retain money enough to protect itself. . . . [The defendant] should bear the consequences of its lack of caution.");

*Deskman v. Buller Bros.*, 131 N.W. 463, 464 (Minn. 1911) ("The statute does not require that notice of this lien be given to the opposite party or to his attorneys."); *Byram v. Miner*, 47 F.2d 112, 116-17 (8th Cir. 1931) ("[S]ettlement may be made by plaintiff and defendant notwithstanding the attorney's lien, but that defendant will be liable to the attorney for amount of the lien if settlement is made in disregard of the attorney's rights of which defendant is bound to take notice.") (applying Minnesota law).

The district court felt it had equitable discretion to deny the lien. Minnesota does label an attorneys' lien as "an equitable lien." *See Blazek v. N. Am. Life & Cas. Co.*, 121 N.W.2d 339, 342 (Minn. 1963) (finding that an attorneys' lien is "deemed to be an equitable assignee of plaintiff's judgment"); *Thomas A. Foster & Assocs., LTD v. Paulson*, 699 N.W.2d 1, 5 (Minn. App. 2005) ("As an equitable lien, the attorney lien protects against a successful party receiving a judgment secured by an attorney's services without paying for those services."). Despite the origin of the attorneys' lien in equity, it is now wholly governed by statute, which preempts the field. *Schroeder, Siegfried, Ryan & Vidas v. Modern Elec. Products, Inc.*, 295 N.W.2d 514, 516 (Minn. 1980) ("Although the attorney's charging lien existed at common law and at equity, it is now wholly governed by statute."); *Village of New Brighton v. Jamison*, 278 N.W.2d 321, 324 (Minn. 1979) (finding statutes had "preempted the field of law regarding attorneys liens and substituted statutory procedures for those of common law and equity"); *Akers v. Akers*, 46 N.W.2d 87, 91 (Minn. 1951) ("The lien of an attorney, whatever it may have been at common law, is in this state regulated by statute . . . ." (quoting *Forbush v. Leonard*, 8 Minn. 303, 305 (1863)).

The Schermers' clients had an interest in "money . . . affected by [an] action" in which the Schermers were employed. **Minn. Stat. § 481.13**. The statutory requirements for an attorneys' lien are met. Equitable principles do not trump the lien.

The Commission was "charged with notice of the lien" and so "must pay again." **Kubu**, 172 N.W. at 497. The Schermers are entitled to an attorneys' lien.

\* \* \* \* \* \* \*

The judgment is reversed, and the case remanded.

_____