NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0740n.06

No. 11-5625

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 10, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SHAWN T. GIBSON, | ) | |
| | ) | |
| *Plaintiff - Appellee*, | ) | |
| | ) | |
| ROBERT LEROY CATLETT, JR.; SALES, | ) | |
| TILLMAN, WALBAUM, CATLETT & | ) | ON APPEAL FROM THE |
| SATTERLEY, PLLC, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| *Appellees* | ) | DISTRICT OF KENTUCKY |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| SOLIDEAL USA, INC., | ) | |
| | ) | |
| *Defendant - Appellant*. | ) | |
| | ) | |

BEFORE:    COLE and CLAY, Circuit Judges;  MATTICE, District Judge.[*]

MATTICE, District Judge.  Defendant Solideal USA, Inc. ("Solideal") appeals the district court's order denying its "Motion for Attorney's Fees and Expenses" pursuant to Federal Rules of Civil Procedure 11 and 54, 28 U.S.C. § 1927, and the court's inherent powers.  Because the district court did not abuse its discretion in denying Solideal's motion, we affirm.

I.

---

[*] The Honorable Harry S. Mattice, Jr., United States District Judge for the Eastern District of Tennessee, sitting by designation.

From 2005 until his June 2009 termination, Appellee Shawn Gibson ("Gibson") was employed by Solideal. Gibson worked as a service technician, and his job involved physically strenuous labor. In February 2009, Gibson sustained a work-related shoulder injury requiring surgery. Gibson's physician restricted him to "light-duty" status, and Solideal allowed him to continue as an employee at the same salary, but limited to light physical duties and without the commissions he received as a service technician. At the time, Solideal paid for Gibson's medical benefits, covering his medical bills. Solideal had recently undergone a reduction in force, leaving Gibson as the only service technician at its Louisville, Kentucky branch. Consequently, Gibson's inability to perform the functions of a service technician required Solideal to retain outside technicians to cover his responsibilities. Although Gibson was scheduled for surgery while still on light duty, the surgery was delayed due to complications with his other medical conditions.

On June 30, 2009, Solideal terminated Gibson's employment on the stated grounds that he was unable to perform the essential functions of his position. After his termination, Gibson received bi-weekly "total temporary disability" workers' compensation payments. Solideal did not contest the workers' compensation payments, and it did not challenge its obligation to pay medical expenses related to the workplace injury.

In July 2009, Gibson filed his verified complaint in Kentucky state court. His verified complaint was submitted on his behalf by Appellee Robert Catlett ("Catlett"), an attorney employed by Appellee Sales, Tillman, Walbaum, Catlett & Satterley, PLLC ("the firm"). The complaint alleged employment discrimination and retaliatory discharge in violation of Kentucky Revised Statute ("KRS") § 342.197(1) (in relevant part prohibiting discharge and discrimination for "filing

and pursuing" a lawful claim under Kentucky workers' compensation statutes). Specifically, it asserted that Gibson's termination constituted intentional discrimination "on the basis of the work-related accident which he suffered and his efforts to pursue a lawful [workers' compensation] claim . . . ." Solideal timely removed the action to the United States District Court for the Western District of Kentucky.

On November 24, 2009, Gibson filed a formal workers' compensation claim, seeking full or partial permanent disability compensation. That claim settled in August 2010. The federal litigation remained pending.

In connection with the federal litigation, Catlett conducted no discovery on Gibson's behalf during the agreed-upon discovery period. On August 31, 2010, upon the expiration of discovery, Solideal moved for summary judgment. It argued that Gibson's claim should be dismissed because, at the time of Gibson's termination, he had not filed a lawful workers' compensation claim and the record contained no evidence of his intent to do so. Solideal alternatively asserted that it had articulated a non-discriminatory basis for Gibson's discharge: his inability to perform the essential functions of his job.

Gibson filed an untimely response to Solideal's motion for summary judgment. Gibson argued in part that summary judgment was inappropriate because Kentucky case law permits a plaintiff to proceed under KRS § 342.197 even if he has not filed a formal workers' compensation claim, so long as he intends to do so.

In a January 7, 2011 Memorandum Opinion, the district court granted Solideal's motion for summary judgment. Assuming *arguendo* that Gibson could make out a *prima facie* case of

retaliation, the court found that Solideal had articulated a legitimate, non-discriminatory reason for its termination of Gibson, which Gibson had not established to be pretextual. In so finding, the court noted that "[f]rom all the Court can see, Gibson has not taken any particular discovery, including propounding interrogatories or taking depositions. Perhaps as a consequence, Gibson has not submitted any affidavits or other evidence which would support any basis for pretext." Because no such evidence was present, the Court granted Solideal's motion for summary judgment.

On February 7, 2011, Solideal filed a "Motion for Attorney's Fees and Expenses." Solideal first asserted that Gibson and Catlett should be sanctioned pursuant to Federal Rule of Civil Procedure 11 for prosecuting a claim with no factual or legal predicate. It claimed that, because Gibson conceded that his termination was due to his injury rather than any protected activity, he "is and always was incapable of establishing a cognizable KRS 342.197 claim." Solideal next asserted that Attorney Catlett should be sanctioned pursuant to 28 U.S.C. § 1927, because the attorney unreasonably and vexatiously multiplied the litigation. Solideal noted that Catlett did not pursue any discovery and did not withdraw Gibson's claim once it became clear that it was without support. Finally, Solideal asserted that Appellees should be sanctioned pursuant to the district court's inherent powers. It maintained that Gibson's lawsuit lacked colorable evidentiary support from the beginning: because Solideal believed that the action was clearly meritless, it asserted that the plaintiff's continued litigation was "tantamount to bad faith."

Gibson opposed the motion. While he conceded that his claim was not strong enough to survive a motion for summary judgment, he asserted that it was not frivolous, but instead that he simply could not muster sufficient evidence to withstand judgment as a matter of law. He noted that

4

the district court never found the claim to be filed in bad faith or with improper motives.  He further stated that the basis for his termination – that his injury took too long to treat – was a violation of KRS § 342.197, but that the amount of recoverable damages did not justify the expense of extensive discovery.  He also restated the section of his complaint in which he claimed that he was discharged "on the basis of the work-related accident which he suffered and his efforts to pursue a lawful claim pursuant to the Kentucky Workers' Compensation Statute."

In a one-page order, the district court denied Solideal's motion for attorney's fees.  The court stated, in relevant part:

> [Solideal] has moved for its attorney's fees and expenses as a sanction under Rule 11(b), Fed. R. Civ. P., because the lawsuit amounted to harassment and contained allegations which were unlikely to have any evidentiary support.  Plaintiff strongly opposes the motion.
>
> The Court has carefully reviewed the case and its own Memorandum Opinion dismissing it.  Here, it became evident that Plaintiff did not receive worker's compensation benefits until after his termination and the business conditions also contributed to the termination decision.  Though this case ended as a weak one and perhaps, in retrospect, should not have been filed, the Court cannot say that it was frivolous at the outset.  Though a showing of bad faith is not a requirement of a successful Rule 11 [claim], the Court can find none here.  This Court took the appropriate action by dismissing Plaintiff's case.  Further sanctions are not warranted under Rule 11.

Although it denied Solideal's motion and discussed Rule 11, the district court did not explicitly address the other grounds on which the request for sanctions was predicated (i.e., Federal Rule of Civil Procedure 54, 28 U.S.C. § 1927, and its inherent powers).

Solideal now appeals from the district court's order denying its motion for sanctions.

II.

A district court's denial of a motion for sanctions and attorney's fees – whether made pursuant to Rule 11, Rule 54 (for costs), 28 U.S.C. § 1927, or the court's inherent powers – is reviewed for an abuse of discretion. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010) (addressing the standard of review in the context of Rule 11, § 1927, and the court's inherent power); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005) ("We review the district court's determination of appropriate cost shifting under Rule 54(d) for abuse of discretion."). "This court has defined an abuse of discretion as a definite and firm conviction that the trial court committed a clear error of judgment." *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010) (quotation omitted). Such an error may occur when the district court "appl[ies] the incorrect legal standard, misappl[ies] the correct legal standard, or rel[ies] upon clearly erroneous findings of fact." *Jones*, 617 F.3d at 850.

### III.

As an initial general proposition, we are not entirely unsympathetic to Solideal's position. Statutes designed to empower employees in the vindication of their rights may, at times, be used as bases on which a plaintiff asserts claims that are later determined to be without merit. Undeniably, large employers may be forced to incur significant litigation expenses in defending against such claims. However, if this Court were to follow the course now advocated by Solideal, it would effectively hold that a plaintiff who elects to forgo formal discovery and whose claims are unable to withstand summary judgment is responsible for paying all fees and costs the defendant incurred in connection with the litigation. This is a bridge too far.

It is true that some jurisdictions routinely award fees to the prevailing party.[1]  Not so here.

Courts in the United States have repeatedly rejected such an approach in favor of the long-

established "American Rule," under which "the prevailing litigant is ordinarily not entitled to collect

a reasonable attorneys' fee from the loser," absent some statute or enforceable contract providing

therefor.  *Alyeska Pipeline Svc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Fleischmann*

*Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717-18 (1967) (restating the argument that

"since litigation is at best uncertain one should not be penalized for merely defending or prosecuting

a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their

rights if the penalty for losing included the fees of their opponents' counsel") (citing, *inter alia*,

*Arcambel v. Wiseman*, 3 U.S. 306 (1796)).  Nevertheless, Congress has "made specific and explicit

provisions for the allowance of attorneys' fees under selected statutes granting or protecting various

---

[1]In *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967), the Supreme Court discussed one such example:

> As early as 1278, the courts of England were authorized to award counsel fees to successful plaintiffs in litigation.  Similarly, since 1607 English courts have been empowered to award counsel fees to defendants in all actions where such awards might be made to plaintiffs.  Rules governing administration of these and related provisions have developed over the years.  It is now customary in England, after litigation of substantive claims has terminated, to conduct separate hearings before special 'taxing Masters' in order to determine the appropriateness and the size of an award of counsel fees.  To prevent the ancillary proceedings from becoming unduly protracted and burdensome, fees which may be included in an award are usually prescribed, even including the amounts that may be recovered for letters drafted on behalf of a client.

*Id.* at 717 (footnotes omitted).

federal rights . . . [and] a court may assess attorney fees against a party under the court's inherent

powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *BDT*

*Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (quotations omitted); *see, e.g.*,

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-53 (1991) (holding that an assessment of attorneys fees

pursuant to a court's inherent power and the imposition of sanctions pursuant to Rule 11 do not

constitute the prohibited fee-shifting schemes of the kind contemplated in *Alyeska*). Apparently

cognizant of these provisions, Solideal asserts on appeal that it is entitled to attorney's fees and

expenses under Federal Rules of Civil Procedure 11 and 54, 28 U.S.C. § 1927, and the court's

inherent powers, and that the district court abused its discretion in declining to make such an award

here. We disagree.

*Rule 11*

Succinctly put, "[u]nder Federal Rule of Civil Procedure 11, sanctions may be imposed if a

reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2)

not warranted by existing law or a good faith argument for the extension, modification or reversal

of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt*

*v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quotation

omitted). The purpose of Rule 11 sanctions is to deter the abuse of the legal process. *Id.* The Rule

"stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative

duty imposed." *Id.* (quotation omitted). This Court affords the district court "considerable deference

. . . upon the review of Rule 11 sanctions." *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003).

Rule 11 motions are measured against an "objective standard of reasonableness under the circumstances." *Merritt*, 613 F.3d at 626. Courts must not "use the wisdom of hindsight," but must instead test what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Id.* (quotation omitted). Nevertheless, the inquiry required under Rule 11 is "not a one-time obligation." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). Rather, a plaintiff must review his pleadings and modify them, when necessary, to conform to Rule 11's requirements. *Id.* at 335-36. "Failure to do so permits the district court, within its discretion, to impose sanctions against the offending litigant or attorney when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law." *Id.*

Solideal contends that the district court's statement that this case was not "frivolous at the outset" and did not involve bad faith constituted the application of an incorrect legal standard. However, these findings were an explanation of the court's rationale, not an exhaustive recitation of the Rule 11 standard. The district court determined that the case was not frivolous when filed, and on consideration of Solideal's dispositive motion, it determined that "the appropriate action" was dismissal without further sanctions. Consistent with the court's recitation and implicit rejection of Solideal's position that the lawsuit "amounted to harassment" and "contained allegations which were unlikely to have any evidentiary support," the court's decision addresses the relevant Rule 11 considerations and does not apply an erroneous legal standard. *See Merritt*, 613 F.3d at 626.

Solideal also maintains that the district court clearly erred in refusing to award fees because an inquiry conducted by any reasonably prudent attorney would have revealed that Gibson's claim

was meritless.[2] Solideal's position is puzzling. If, as Solideal now contends, Gibson's complaint was obviously foreclosed by existing law, it should have filed a motion to dismiss for failure to state a claim rather than incur the significant discovery expenses it now seeks to recover. *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989) ("A party who seeks attorney's fees as a Rule 11 sanction must mitigate damages by acting promptly and avoiding any unnecessary expenses in responding to papers that violate the rule."). Moreover, it is not at all clear that Gibson's claim as stated was, in fact, foreclosed by existing law: in his complaint (verified before a notary by Gibson and reiterated in subsequent filings) Gibson asserted that he was terminated, at least in part, due to "his efforts to pursue a lawful claim pursuant to the Kentucky Workers' Compensation Statute." Such a claim may be cognizable under Kentucky law, even though Gibson had not yet filed a formal workers' compensation claim. *See First Prop. Mgmt. Corp. v. Zarebidaki*, 867 S.W.2d 185, 189 (Ky. 1993) ("[W]e agree with the Court of Appeals that the language of KRS 342.197 was not intended to require 'a formal claim' before the employee receives the protection of KRS 342.197 . . . ."); *Bishop v. Manpower, Inc. of Cent. Ky.*, 211 S.W.3d 71, 75 (Ky. Ct. App. 2006).

---

[2]We note that Solideal's appeal appears to be premised on a mistaken belief that, if Rule 11 sanctions were merited, it would be entitled to recover all reasonable attorney's fees and expenses. Rule 11 – the purpose of which is deterrence, not compensation – calls only for an "appropriate sanction," and it does not instruct the court to shift the entire cost of litigation. Fed. R. Civ. P. 11(c)(1); *Bus. Guides, Inc. v. Chromatic Commc'ns, Enters., Inc.*, 498 U.S. 533, 553 (1991); *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 399-400 (6th Cir. 2009). "Rule 11 is not a fee-shifting statute. . . . A movant under Rule 11 has no entitlement to fees or any other sanction." *Bus. Guides*, 498 U.S. at 553 (alteration in original) (quotation omitted)

Undoubtedly, the district court's analysis could have been more thorough. Nevertheless, the court's conclusion that Rule 11 sanctions were not merited is not tantamount to a "clear error of judgment." *See Jones*, 617 F.3d at 850. The adequacy of a district court's order concerning sanctions "is determined by this Court's ability to understand its reasoning, not by the number of sentences it uses." *Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n.*, 524 F.3d 726, 740 (6th Cir. 2008) (quotation omitted). Here, the district court articulated its reasons for denying Solideal's Rule 11 motion: it rejected Solideal's arguments that "the lawsuit amounted to harassment and contained allegations which were unlikely to have any evidentiary support"; it determined that the complaint was not "frivolous at the outset" (i.e., when filed); and it found that Appellees had not acted in bad faith. Thus, the court addressed the central considerations under Rule 11, and we cannot say that it abused its discretion when denying Solideal's request for sanctions pursuant to the Rule. *See Merritt*, 613 F.3d at 626.

*28 U.S.C. § 1927 and the Court's Inherent Power*

Pursuant to 28 U.S.C. § 1927:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[3]

---

[3]Notably, in this case, sanctions under § 1927 could be imposed only on Catlett and would not apply to Gibson or the law firm. *See Rentz*, 556 F.3d at 396 n.6 ("Accordingly, § 1927 does not authorize the imposition of sanctions on a represented party, nor does it authorize the imposition of sanctions on a law firm.").

"The purpose of § 1927 is to deter dilatory litigation practices and punish aggressive tactics that far exceed zealous advocacy." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 644 (6th Cir. 2009) (quotation omitted). A court may sanction an attorney under § 1927, even in the absence of bad faith, when the "attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Hall*, 595 F.3d at 275-76 (quotation omitted); *Rentz*, 556 F.3d at 395-96 (quotation omitted). However, "there must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz*, 556 F.3d at 396 (quotation omitted). This is an objective standard, requiring a "showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* (quotation omitted). "A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (quoting *In re Ruben*, 825 F.2d 977, 988 (6th Cir. 1987)).

In addition to Rule 11 and § 1927, the court may impose sanctions pursuant to its inherent power "'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers*, 501 U.S. at 45-46). We have held that "'bad faith' [or 'conduct that was tantamount to bad faith'] is a requirement for the use of the district court's inherent authority . . . ." *First Bank of Marietta v. Hartford Underwriters*, 307 F.3d 501, 519 (6th Cir. 2002); *see BDT Prods.*, 602 F.3d at 752 ("This 'bad faith exception' to

12

the American Rule – the imposition of sanctions under a court's inherent powers – thus *requires* a finding of bad faith or of conduct 'tantamount to bad faith.'") (emphasis in original).

The mere fact that an action is without merit does not amount to bad faith sufficient to invoke the court's inherent power to sanction. Rather,

> the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings. Examples of "something more" include: a finding that the plaintiff filed the suit for purposes of harassment or delay, or for other improper reasons, a finding that the plaintiff filed a meritless lawsuit and withheld material evidence in support of a claim, or a finding that a party was delaying or disrupting the litigation or hampering enforcement of a court order.

*Metz*, 655 F.3d at 489 (emphasis in original) (citations and alteration omitted).

Solideal first contends that, as to both § 1927 and the court's inherent powers, the district court abused its discretion in failing to articulate its reasons for denying the motion for fees. We reject this argument. "While district courts are required to articulate a basis for awarding sanctions, nothing requires them to explain their reasons for not ordering sanctions." *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) (addressing a district court's silence on its reason to deny sanctions under its inherent powers); *see also Eaton Aerospace, L.L.C. v. SL Montevideo Tech.*, 129 F. App'x 146, 153 (6th Cir. 2005) ("Finally, [the appellant]'s observation that the district court denied its motion [for sanctions under § 1927 and the court's inherent power] 'without examination, analysis, or explanation that [the appellant] had not been prejudiced by the misconduct' does not demonstrate an abuse of discretion as nothing requires a court to explain its reasons for not ordering sanctions.") (quoting *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 417 (6th Cir. 1992)).

Solideal has not identified any unnecessary multiplication of proceedings based on "aggressive tactics that far exceed zealous advocacy" so as to implicate 28 U.S.C. § 1927. *Garner*, 554 F.3d at 644. Indeed, just the opposite appears true: Solideal complains of Catlett's "unacceptably lax attitude toward litigation" and languid litigation strategy, i.e., filing a meritless claim and then failing to conduct discovery or file adequately substantial briefs. While it alleges that Catlett should have made additional legal inquiries into the bases for Gibson's claim, this is insufficient: "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 290 (6th Cir. 1997). Likewise, the fact that Catlett could have done more to speed the adjudication of the claim – or was perhaps negligent for failing to do so – is not an appropriate basis for § 1927 sanctions. *See Hall*, 595 F.3d at 275-76. As above, if Gibson's claim was as baseless as Solideal suggests, it could have halted proceedings with an early motion to dismiss. *See Riddle*, 266 F.3d at 553. It did not do so, however, and the district court concluded that dismissal, not the imposition of sanctions, was the appropriate course of action. Under these circumstances, we cannot conclude that the district court abused its discretion in denying Solideal's motion for sanctions pursuant to § 1927.

Likewise, Solideal has not demonstrated that the district court abused its discretion in refusing to exercise its inherent power to sanction Appellees. The district court made an explicit finding that Appellees made no demonstration of bad faith, as would be required to impose sanctions pursuant its inherent power. *See First Bank of Marietta*, 307 F.3d at 519. While Solideal vehemently maintains that this case was meritless from its inception, it has identified nothing in the

record to suggest that Gibson or his attorney filed the complaint for an improper motive, intentionally delayed or disrupted the litigation process, used the action as a means to harass Solideal, or otherwise acted vexatiously. In short, Solideal has failed to identify "something more" than the mere pursuit of a meritless claim – the existence of which is a prerequisite for the imposition of sanctions under a court's inherent power. *Metz*, 655 F.3d at 489. Without such a demonstration, it is unable to establish that Appellees engaged in conduct tantamount to bad faith or, consequently, that the district court abused its discretion in denying the motion for sanctions under the court's inherent powers. *See id.*; *BDT Prods.*, 602 F.3d at 752.

*Rule 54*

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – *other than attorney's fees* – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). The costs that courts may tax under this rule are "confined to the costs itemized in 28 U.S.C. § 1920."[4] *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Under Rule 54, courts have the discretion to decline requests for costs, but they do not have discretion to award costs that § 1920 does not specifically enumerate. *Cardizem*, 481

---

[4]Section 1920 defines as "costs": (1) fees for the clerk and marshal; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for necessary copies; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920(1)-(6). While Federal Rule of Civil Procedure 54(d)(2) addresses "Attorney's Fees," that provision "sets forth only the mechanism and timing for seeking an award of attorneys' fees, it does not provide independent authority for courts to award attorneys' fees." *Evans v. Metro Life Ins. Co.*, 190 F. App'x 429, 437 n.8 (2006) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986)).

F.3d at 359; *see Crawford Fitting*, 482 U.S. at 441-42 ("The discretion granted by Rule 54(d) . . . is solely a power to decline to tax, as costs, the items enumerated in § 1920.").

On appeal, Solideal asserts that the district court erred in declining to address its request for Rule 54 costs, and it alleges that the district court conflated its Rule 11 analysis with its Rule 54 analysis. However, it appears that it is Solideal that conflates the two: before the district court, it did not move for costs pursuant to Rule 54. Instead, it relied on Rule 54 to claim entitlement to $79,814.56 in "attorney's fees and litigation expenses." It has not provided insight (either on appeal or below) as to how its requested attorney's fees may be recoverable pursuant to Rule 54. Even if the district court were inclined to grant Solideal's request, Rule 54(d)(1) does not grant the authority to do so: the court's ability to award costs under the Rule is circumscribed by statute. See Fed. R. Civ. P. 54(d)(1); *Cardizem*, 481 F.3d at 359.

While Solideal did identify before the district court $2,309.56 in taxable "costs," it did so only as a means of aggregating the $79,814.56 to which it claimed entitlement "for having to defend this frivolous, unreasonable, and unfounded lawsuit . . . ." Nowhere in its "Motion for Attorney's Fees and Expenses" did it assert entitlement to those costs pursuant to Rule 54. Indeed, in its brief appended to the motion, it made no mention of Rule 54 beyond one instance in which it claimed that it should "be awarded *all reasonable attorney's fees and litigation expenses* pursuant to Fed. R. Civ. P. 11 and 54, 28 U.S.C. § 1927, and this [c]ourt's inherent power." (emphasis added). To the extent that Solideal now contends that it is entitled to $2,309.56 in costs (a claim that is, even on appeal,

nebulous at best), we need not consider the claim, as it was made for the first time before this Court.[5]

*See Cont'l Cas. Co. v. Law Offices of Melbourne Mills, Jr., PLLC*, 676 F.3d 534, 540 (6th Cir. 2012) ("[T]his court will not review issues raised for the first time on appeal because our function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order.") (quotation and alteration omitted).

## IV.

The district court's order denying Solideal's motion for attorney's fees was brief, but the reasons articulated therein addressed the central concerns of Rule 11. Although the court did not expressly define its reasons for denying the motion pursuant to Rule 54, 28 U.S.C. § 1927, the content of Solideal's motion and the court's stated findings demonstrate that attorney's fees and other sanctions are not necessarily appropriate pursuant to those authorities. Though abbreviated, the decision does not leave us with "a definite and firm conviction that the trial court committed a

---

[5]W.D. Ky. Local Rule 54.3 provides the procedure by which a prevailing party files a bill of costs:

> The prevailing party must file a Bill of Costs with the Clerk and serve a copy of the Bill on each adverse party within thirty (30) days of entry of judgment. If the Bill of Costs is not filed within thirty (30) days, costs, other than those of the Clerk, taxable pursuant to 28 U.S.C. § 1920, shall be waived. The Court may, on motion filed within the time for the filing of the Bill of Costs, extend the time for filing.

Here, Appellant completed a "Bill of Costs" for $1,134, but it appears in the district court record as an attachment to an affidavit appended to Appellant's Motion for Attorney's Fees and Expenses. There is no indication – and Appellant has not asserted on appeal – that the bill of costs was filed with the Clerk of Court, as is required by the Local Rule.

clear error of judgment." *Hall*, 595 F.3d at 275.  Thus, we conclude that the district court did not

abuse its discretion in denying Solideal's motion for attorney's fees.

Accordingly, the decision of the district court is AFFIRMED.