# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1551

_____

Harvey Duranseau

*Plaintiff - Appellant*

v.

Portfolio Recovery Associates, LLC

*Defendant - Appellee*

_____

No. 15-1604

_____

Harvey Duranseau

*Plaintiff - Appellee*

v.

Portfolio Recovery Associates, LLC

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 19, 2015
Filed: April 4, 2016
[Unpublished]
_____

Before SMITH, BYE, and BENTON, Circuit Judges.
_____

SMITH, Circuit Judge.

Harvey Duranseau sued Portfolio Recovery Associates, LLC (PRA), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and Minnesota law. The parties filed cross-motions for summary judgment on, among others, Duranseau's claim under 15 U.S.C. § 1692g of the FDCPA. PRA also moved for sanctions against Duranseau and his counsel. The district court[1] denied the motions, and Duranseau's remaining claims proceeded to trial. After presenting his case-in-chief, Duranseau moved for judgment as a matter of law on his claim under 15 U.S.C. § 1692d(5) but not on the § 1692g claim. The court denied the motion. The jury returned a verdict for PRA on all of Duranseau's claims. In this consolidated appeal, Duranseau appeals the district court's denial of summary judgment on his § 1692g claim, and PRA appeals the district court's denial of its motion for sanctions. We affirm.

I. *Background*

Duranseau filed suit against PRA, asserting that it had violated the FDCPA and Minnesota law. Duranseau alleged that during a phone call at 9:23 a.m. on December 28, 2012, PRA "called [him] a 'N****r' and told [him] to 'Suck our d***s.'" (Bold omitted.) He also alleged that PRA called him from October 2012 to February 2013 to collect a debt from "Thomas [Duranseau]." PRA answered the complaint and

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

counterclaimed under 15 U.S.C. § 1692k(a)(3) of the FDCPA, alleging that Duranseau brought his suit in bad faith and for the purpose of harassment.

Duranseau moved for judgment on the pleadings of PRA's counterclaim, and PRA filed a cross-motion for judgment on the pleadings on all of Duranseau's claims and PRA's counterclaim. The court dismissed without prejudice PRA's counterclaim, noting that it was "entirely an academic dismissal" and that PRA would "have every right to recover [its] fees if, in fact, [it] can later prove the factual predicate." Additionally, it dismissed all of Duranseau's claims except for (1) a claim that PRA violated § 1692d and 1692d(5) by repeatedly and continuously calling with the intent to annoy, abuse, or harass; (2) a claim that PRA violated § 1692d and 1692d(2) and intentionally inflicted emotional distress by using obscene or profane language during a phone call on or about December 28, 2012; and (3) a claim that PRA violated § 1692g(a) by failing to timely send a validation notice after its first communication with Duranseau.

Following discovery, PRA moved for summary judgment on all of Duranseau's remaining claims and moved for sanctions against him and his counsel. Duranseau filed a cross-motion for summary judgment on his remaining claims. The court denied both motions. With regard to the § 1692g claim, the court found that the issue was "whether PRA knew or reasonably should have known that the 'consumer' to whom it was communicating was Harvey Duranseau, not Thomas Duranseau." The court explained that "[g]iven the confusion in the record—including confusion about when PRA initially contacted Harvey Duranseau—the jury will have to determine whether (and when) PRA knew or reasonably should have known that the 'consumer' with whom it was communicating was not Thomas Duranseau, but Harvey Duranseau." Duranseau requested permission to move for reconsideration, which the court denied. The court also denied with prejudice PRA's motion for sanctions against Duranseau's counsel and denied without prejudice the motion for sanctions against Duranseau.

Duranseau's claims under §§ 1692d(2), 1692d(5), and 1692g went to trial.[2] After Duranseau presented his case-in-chief, PRA moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law on Duranseau's § 1692g claim. In response, Duranseau argued against PRA's Rule 50 motion "[a]nd at the same time . . . ma[d]e [his] own motion for a directed verdict *on the 1692d(5) claim*." (Emphasis added.) Duranseau *did not* move for a directed verdict on his § 1692g claim. The district court denied the motions. The jury ultimately returned a verdict in favor of PRA on all of Duranseau's claims.

## II. *Discussion*

On appeal, Duranseau argues that the district court erred in denying his motion for summary judgment on his § 1692g claim, and PRA argues that the district court abused its discretion in denying its motion for sanctions against Duranseau and his counsel.

## A. *Section 1692g*

Duranseau argues that the district court erred in denying his motion for summary judgment on his § 1692g claim because it erroneously applied a negligence standard to § 1692g, which he contends is a strict-liability statute. According to Duranseau, because PRA failed to send him a validation notice under § 1692g and waived the bona-fide error defense, he is entitled to judgment as a matter of law on his § 1692g claim.

Duranseau's appeal of the district court's denial of his motion for summary judgment on his § 1692g claim is not reviewable. "Even a cursory review of precedent in this Circuit reveals that we do not review a denial of a summary-judgment motion after a full trial on the merits." *Eaddy v. Yancey*, 317 F.3d

---

[2]Duranseau dismissed his emotional-distress claim at the final pretrial conference.

914, 916 (8th Cir. 2003) (citing *Bakker v. McKinnon*, 152 F.3d 1007, 1010 (8th Cir. 1998) ("[T]he denial of summary judgment is interlocutory in nature and not appealable after a full trial on the merits; judgment after a full trial on the merits supersedes earlier summary judgment proceedings."); *Cowan v. Strafford R-VI Sch. Dist.*, 140 F.3d 1153, 1157 (8th Cir. 1998) (same); *Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 354 (8th Cir. 1997) ("[W]e are unable to review the denied summary judgment motion because [plaintiff] had a full and fair opportunity to litigate its position before a jury."); *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 434 (8th Cir. 1994) ("A ruling by a district court denying summary judgment is interlocutory in nature and not appealable after a full trial on the merits."); *Bottineau Farmers Elevator v. Woodward-Clyde Consultants*, 963 F.2d 1064, 1068 n.5 (8th Cir. 1992) ("Denial of summary judgment is not properly reviewable on appeal from a final judgment entered after a full trial on the merits.")).

Furthermore, we have rejected the argument that "a denial [of summary judgment] based on the interpretation of a purely legal question is appealable." *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869, 875 (8th Cir. 2012). "A denial of summary judgment is not appealable after a final judgment regardless of whether the issue is factual or 'purely legal.'" *Id*. (footnote omitted). "As a general rule, a litigant must renew summary judgment arguments in Rule 50 motions for judgment as a matter of law at the close of the plaintiff's case-in-chief and again after the jury's verdict." *Keup v. Hopkins*, 596 F.3d 899, 904 (8th Cir. 2010) (citing *Eaddy*, 317 F.3d at 916); *see also Duban v. Waverly Sales Co.*, 760 F.3d 832, 835 (8th Cir. 2014) ("Litigants must renew summary judgment arguments in Rule 50 motions to preserve their arguments for appeal." (citing *Eaddy*, 317 F.3d at 916)).

In the present case, Duranseau failed to renew his summary-judgment argument on his § 1692g claim in a Rule 50 motion after his case-in-chief and after the verdict; instead, he moved for judgment as a matter of law on his § 1692d(5) claim *but not the § 1692g claim*. As a result, his claim is not reviewable.

B. *Sanctions*

On October 20, 2014, PRA moved for sanctions against Duranseau and his counsel under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent authority. In its brief in support of the motion, PRA argued that Duranseau and his counsel violated Rule 11 by filing and continuing to litigate a frivolous lawsuit lacking any evidentiary basis. According to PRA:

> Plaintiff certified that the "factual contentions have evidentiary support" or after further investigation or discovery "will likely have evidentiary support." Fed. R. Civ. P. 11(b)(3). Yet, as evidenced by the call recordings, Call History, Account Notes, and Call Logs, Plaintiff's allegations are demonstrably false. (*See, e.g.*, Privette Decl. ¶ 37g (regarding content of December 28, 2012 call.)
>
> ***
>
> Had Plaintiff's counsel conducted a reasonable investigation before—or even during the litigation once presented with evidence produced by PRA contradicting his claims—Plaintiff's counsel would have discovered that it was Plaintiff, not PRA, who made inappropriate and harassing comments. (*See* Privette Decl. ¶¶ 36–37; *see supra* at 14–20 for a discussion on Plaintiff's allegations regarding the December 28, 2012 call.) As demonstrated by the recordings, Plaintiff's counsel had no factual basis, nor could he have any factual basis, supporting the allegations he has brought against PRA. Plaintiff's counsel's blind reliance on his client's allegations does not shield him from liability.

PRA also argued that the district court should sanction Duranseau and his counsel under § 1927 for unreasonably and vexatiously multiplying the proceedings. PRA argued:

> Plaintiff's counsel has pressed forward with this suit even though PRA has demonstrated time and again that Plaintiff's claims are meritless. (*See*[,] *e.g.*, *supra* at 2–12) (explaining that (1) Plaintiff continued this

-6-

action even after PRA produced all recordings showing that PRA never used obscene or profane language; (2) Plaintiff refused to dismiss his claims after PRA produced the Privette Declaration along with all of PRA's Account Notes, automated Call History, and Call Logs; (3) Plaintiff raised new telephone numbers twice after PRA provided all evidence showing that Plaintiff's claims were meritless; and (4) Plaintiff brought multiple frivolous motions including a motion to compel discovery that Magistrate Judge Brisbois emphasized was not relevant to Plaintiff's remaining claims). Even after PRA gave Plaintiff another opportunity to withdraw his claims against PRA, in the form of a Safe Harbor letter, Plaintiff again refused. (Robbins Decl., ¶ 2.)

Finally, PRA asked the court to exercise its inherent authority to sanction Duranseau and counsel.

The district court denied with prejudice PRA's motion for sanctions against Duranseau's counsel and denied without prejudice PRA's motion for sanctions against Duranseau personally, advising that the motion "may be renewed after trial."

After trial, PRA moved for attorneys' fees and costs in the amount of $261,945.00 based upon Federal Rule of Civil Procedure 54, 15 U.S.C. § 1692k, 28 U.S.C. § 1927, and the inherent powers of the court. In that motion, PRA made clear that it was not "seeking relief for the conduct at issue in its Motion for Sanctions involved in PRA's cross-appeal to the Eighth Circuit, nor is PRA attempting to re-litigate that motion here." Instead, PRA sought "costs, fees, and expenses incurred after PRA's Motion for Summary Judgment and Sanctions dated October 20, 2014," arguing that Duranseau's "pattern of vexatious behavior" continued after that date.

On June 30, 2015, the district court denied PRA's motion for costs and attorneys' fees, concluding that it could not "find that Duranseau's entire lawsuit was brought in bad faith. To the contrary, several of Duranseau's claims survived motions for judgment on the pleadings and for summary judgment, and the surviving claims

were supported by the testimony of multiple witnesses (in addition to Duranseau)." The court also expressed its belief that "even after the jury's verdict, . . . Duranseau's § 1692k claim presents close and difficult legal issues." Because the court was unable to find that Duranseau's entire lawsuit was brought in bad faith and for the purpose of harassment, it denied PRA's motion for an award of attorneys' fees under § 1692k(a)(3).

The court also addressed Duranseau's and PRA's assertions "that the other's conduct warrants sanctions of fees and costs under various other authorities—namely 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the inherent power of the Court." The court found that the "purported misconduct" that each party cited did not warrant sanctions. The court explained, "To be sure, this lawsuit has been extremely hard fought, and both sides could have acted to make this litigation more efficient and civil. But, in the Court's opinion, neither side has committed sanctionable misconduct."

On appeal, PRA argues that the district court erred in denying its October 20, 2014 motion for sanctions. We review for an abuse of discretion a district court's denial of sanctions pursuant to Rule 11, 28 U.S.C. § 1927, and the court's inherent authority. *See, e.g.*, *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) ("We review the district court's determinations concerning Rule 11 under the abuse-of-discretion standard." (citation omitted)); *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 28 (6th Cir. 2012) ("A district court's denial of a motion for sanctions and attorney's fees—whether made pursuant to Rule 11, Rule 54 (for costs), 28 U.S.C. § 1927, or the court's inherent powers—is reviewed for an abuse of discretion." (citations omitted)).

Rule 11 provides that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Rule 11 sanctions may be warranted when a pleading is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," Fed. R. Civ. P. 11(b)(1), contains allegations or factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3), or contains denials of factual contentions that are not warranted on the evidence. Fed. R. Civ. P. 11(b)(4).

*Clark*, 460 F.3d at 1008.

Additionally, a court may hold counsel liable for fees and costs for "so multipl[ying] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. "[T]he statute permits sanctions when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark*, 460 F.3d at 1011 (quotations and citations omitted).

Finally, a district court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). "Our interpretation of Supreme Court authority concerning a court's inherent power to sanction counsels that a finding of bad faith is not always necessary to the court's exercise of its inherent power to impose sanctions." *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (citations omitted).

We hold that the district court did not abuse its discretion in denying PRA's October 20, 2014 motion for sanctions. While not at issue in this appeal, the district court's June 30, 2015 order is informative as to the district court's reasons for its prior denial of the motion for sanctions under all of the aforementioned standards. As the court noted in that order, "several of Duranseau's claims survived motions for judgment on the pleadings and for summary judgment." Moreover, the district court noted that "both sides could have acted to make this litigation more efficient and civil" but concluded that neither side's conduct rose to the level of "sanctionable misconduct." "We give deference to [the] district court's decision [whether] to impose

-9-

sanctions because it is in the best position to 'evaluate the circumstances surrounding an alleged violation and render an informed judgment.'" *Mendez-Aponte v. Bonilla*, 645 F.3d 60, 68 (1st Cir. 2011) (quoting *McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger*, 280 F.3d 26, 44 (1st Cir. 2002)); *see also Blue v. U.S. Dep't of Army*, 914 F.2d 525, 538 (4th Cir. 1990) (stating that "[a] district court's decision to impose sanctions is entitled to substantial deference" because a district court "is in the best position to review the factual circumstances and render an informed judgment as [it] is intimately involved with the case, the litigants, and the attorneys on a daily basis" (alteration in original) (quotation and citations omitted)).

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____